## SARGENT & COMPANY *vs.* THE CITY OF NEW HAVEN.

New Haven & Fairfield Cos., Jan. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and PRENTICE, Js.

A manufacturing company in a city, employing a large number of operatives and with a factory near a harbor, built a private sewer, with the permission of the city and under the supervision of its committee, across a street and into the mud flats, the outlet being about eight hundred feet from low water mark. Ten years later the city laid out and constructed a public sewer through the street, in front of the factory, cutting the private sewer where the latter passed under the street, and having its outlet in deep water; the private sewer being afterwards connected at the street with the public one and the sewage brought by it to that point being carried off by the public sewer. The company's property was assessed by the city for the public sewer, but not to a greater amount than the benefit to the property from it. Held that the existence of the private sewer was not a sufficient ground of defense against the assessment either in whole or in part.

The private sewer was not sufficient for the proper disposition of the sewage of the company, inasmuch as it discharged the sewage only on the mud flats.

And held that on a hearing of the matter evidence was admissible that the discharge of the sewage upon the mud flats was a nuisance injurious to the public health; but not on the ground that the city had a right to abate the nuisance, (which would be by a different proceeding,) but as showing the insufficiency of the private sewer.

And as the private sewer was dependent on a part of the public sewer for the discharge of its sewage into the water of the harbor, it had ceased to be a complete and independent sewer in itself.

The city had a right, in laying out and constructing the public sewer, to cut the private one.

The sufficiency of the private sewer was to be determined by its condition after the completion of the public one.

[Argued January 24th—decided March 6th, 1893.]

APPLICATION for relief from a sewer assessment; brought to the Superior Court in New Haven County and heard before *Thayer*, J. Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*J. K. Beach*, for the appellant.

*C. T. Driscoll* and *F. S. Bishop*, for the appellee.

CARPENTER,. J. In 1863 the plaintiff, a manufacturing corporation, asked for and obtained permission to construct a private sewer across and under Water street, the sewer to be constructed under the supervision of the chairman of the committee on sewerage. The sewer was constructed, and the plaintiff's manufactory connected therewith by a system of drains. There were about one thousand persons employed in the establishment, and the water discharged from the sewer was about four hundred thousand gallons daily. The outlet was on the mud flats between high and low water marks, and about eight hundred feet from the latter.

In 1869 the city of New Haven for the first time adopted a system of sewerage, pursuant to which a sewer was constructed through Water street in front of the plaintiff's premises. In constructing that sewer the plaintiff's sewer was encountered, so that it became necessary to cut the latter and to connect it with the former. Thereby the plaintiff's sewer from that point to the outlet became and thenceforth was of no use. In 1873 the plaintiff was assessed for the city sewer, and an appeal taken to the Superior Court. That court heard the cause and confirmed the assessments. The plaintiff appealed to this court.

The reasons of appeal present the claim that the plaintiff should be exempt from assessment, wholly or in part, by reason of its private sewer. This claim was made in the court below and overruled.

There was also a question of evidence. The defendant offered evidence to prove that the discharge from the plaintiff's sewer upon the mud flats was detrimental to the public health. To the admission of that evidence the plaintiff objected, but the court admitted it.

We will first consider the question of evidence. Upon the evidence so received the court found that the sewage so discharged upon the mud flats was detrimental to the public health, and also found that the cost of extending the plaintiff's sewer so that the outlet would be below low water mark would be more than the assessment against the plaintiff. That evidence was not offered, as seems to be supposed, for the purpose of justifying the assessment on the ground that the city had abated a nuisance caused by the plaintiff and had saved it the expense of extending its sewer. The right to assess does not depend upon either of those grounds. It depends solely upon the fact that the plaintiff's property has been specially benefited. The plaintiff denies the benefit, and claims exemption on the ground that its sewer is all that it needs. The evidence was offered, as we understand it, for the purpose of defeating the exemption by showing that the private sewer is not a proper one.

Assuming that the sewage discharged by the plaintiff was detrimental, its continuance of course could not be permitted. The city discharged its sewage, not on the mud flats, where it would be exposed to the open air regularly at low tides, but in deep water. It cannot be supposed that the plaintiff's sewage would be permitted to remain an exception to the rule which the city had adopted for itself. Therefore the plaintiff must have known that it would be compelled, either to use the public sewer, or to adopt some other means of conducting its sewage to deep water. The plaintiff in fact chose the former, and has for a period of twenty years actually used the public sewer. Thus the effect of the sewage in the

place where the plaintiff discharged it, and the necessity for making some other provision for it, were important considerations in determining whether the private sewer was a suitable one. We think that the evidence offered tended to prove that it was not, and was therefore properly received.

We come now to the first and important question in the case—should the plaintiff's property be exempt from assessment? This question has been partially considered in discussing the question of evidence. We will now call attention to other considerations.

A private sewer, as a reason for exemption, must be adequate, proper and independent. Its adequacy must be determined by its condition after the completion of the public one. The necessity for cutting the plaintiff's sewer where it crosses Water street clearly appears in the finding. That the right of the city to construct its sewer through Water street is paramount to the right of the plaintiff to maintain its sewer, cannot be doubted. It is not pretended that the permission to construct a sewer across Water street operates to deprive the city of the power to construct its sewer in the best place and in the best manner to promote the welfare of the public. It follows then that the city had a right to cut the plaintiff's sewer, and that too without compensation, and without liability to damages. Logically therefore the city might have left it cut and without connection; and had it done so the plaintiff would have had no legal cause of complaint. Now suppose that had been done. Clearly in that condition it would not have been an adequate sewer.

We will suppose further that the plaintiff could have restored its sewer, so as to discharge its sewage as before. Was a sewer that discharged its contents so as to cause a nuisance detrimental to health a proper one? It might have been tolerated for a while, and that too without serious inconvenience, but that ultimately it would have to be abandoned can admit of no doubt. It cannot be regarded then as a proper sewer.

Was it an independent one? There can be but one answer to that question. The connection of the private sewer

with the public one was a necessity. The plaintiff acquiesced in that connection, and has continued that acquiescence for twenty years. There can be no doubt that it thus acted wisely ; but it thereby, for the purposes of this case, conclusively establishes the fact that its sewer is not independent of the public sewer. Thus it appears that the plaintiff's sewer, after the completion of the city sewer, was not adequate, was not proper, and was not independent. That seems to be a complete answer to the claim for a total exemption.

Do the facts legally require that there should be a partial exemption ? The plaintiff was compelled by the force of circumstances to have his sewer connected with the city sewer. That was assented to, and has been in use for about twenty years. It cannot now be said with good grace that the sewer is not beneficial. The use is not partial. It is to the full extent of the needs of the land and the buildings thereon ; and there are facilities for using it to any required extent. And the use of the private sewer, except in connection with the public sewer, is now an impossibility. Why then should there be any reduction ?

As we have seen, the use of the public sewer is practically essential to the use of the private sewer. That being so, it cannot be said that the assessment is unjust. Nor can it be said that it is unjust on the ground that the plaintiff loses the expense incurred, or any considerable part of it, in constructing the private sewer. The plaintiff voluntarily constructed that sewer with knowledge of the situation and circumstances, and had the use of it for ten years before the city sewer was constructed. That of itself may have been worth all that it cost. Be that as it may, the plaintiff took the chances. Moreover, the plaintiff now utilizes its whole system of sewer and drain except the portion between the point of intersection and the outlet, without expense, and has all its sewage carried into deep water, whereby a nuisance is abated and the expense is saved of extending the sewer. Assuming as we do that the plaintiff and all others were bound to make connection with the main sewer at their

own expense, we see nothing in this case to distinguish the plaintiff from others specially benefited.

It is insisted that the case of *Clapp* v. *City of Hartford*, 35 Conn., 66, is a conclusive authority in favor of the plaintiff. We do not think so. It is obvious that that case is distinguishable from this. In that case, after the public sewer was constructed, the private sewer was complete and sufficient, independently of the public sewer, so that the latter was of no use. In this case the public sewer must be used as an outlet for the private.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.