THE HOTCHKISS GROVE ASSOCIATION, INC., ET AL. *v.*
WATER RESOURCES COMMISSION OF THE
STATE OF CONNECTICUT

HOUSE, COTTER, THIM, RYAN and SHAPIRO, Js.

Argued March 4—decided March 30, 1971

*Roger J. Frechette,* for the appellants (plaintiffs).

*Brian E. O'Neill,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

RYAN, J.   On June 3, 1969, John J. and Anna Milici made application to the defendant water resources commission, hereinafter referred to as the commission, pursuant to § 25-7d of the General Statutes, seeking permission to erect a pier extending from their property into the waters of Long Island Sound at Hotchkiss Grove in the town of Branford.   The Milicis, hereinafter referred to as the applicants, proposed to erect a stone pier eight feet by seven feet, a ramp twenty feet by three feet, a float twenty feet by ten feet and four mooring piles.   The overall length of the structure proposed

is forty-eight feet and is to be located approximately 1600 feet northeast of Haycock Point. On August 19, 1969, the commission informed the applicants that after investigation it had considered the application with due regard to the matters enumerated in § 25-7b of the General Statutes and was of the opinion that the proposed work would not violate any provision of this statute.[1] The plaintiffs appealed to the Superior Court under the provisions of § 25-17 of the General Statutes. The trial court dismissed the appeal and the plaintiffs have appealed to this court.

The plaintiffs assign error in the failure of § 25-7d to require notice to the plaintiffs and a public hearing and urge that this is a fatal constitutional defect. "There is no denial of due process of law if notice and hearing are dispensed with . . . in making an administrative determination without a hearing if a hearing may be had before the order becomes effective." 2 Am. Jur. 2d 214, Administrative Law, § 406. The commission was acting administratively in granting the permit and the appeal provisions of § 25-17 provide for a hearing by the Superior Court and a review of the commission's decision at the instance of any aggrieved person. It was stipulated by the parties that the plaintiffs are aggrieved. The statutes do not deprive the plaintiffs of any constitutional right. "One hearing before final action

---

[1] "Sec. 25-7b. REGULATION OF ERECTION OF STRUCTURES IN TIDAL, COASTAL OR NAVIGABLE WATERS. The water resources commission shall regulate the erection of structures, and work incidental thereto, in the tidal, coastal or navigable waters of the state with due regard for the prevention or alleviation of shore erosion, the use and development of adjoining uplands, the improvement of coastal and inland navigation for all vessels, including small craft for recreational purposes, the use and development of adjacent lands and properties and the interests of the state, including pollution control and recreational use of public waters, with proper regard for the rights and interests of all persons concerned."

satisfies the constitutional requirement. *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 85, 130 A. 289; *Lichter* v. *United States,* 334 U.S. 742, 791, 68 S. Ct. 1294, 92 L. Ed. 1694." *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 674, 103 A.2d 535.

The plaintiffs urge that §§ 25-7b and 25-7d are unconstitutional in that there is an unreasonable delegation of legislative authority without applicable safeguards to guide the commission. "In creating an agency to administer a law complete in itself and designed to accomplish a particular purpose, the legislature must establish primary standards to carry out the law or lay down an intelligible principle to which the agency must conform, although the agency may be authorized to adopt rules and regulations to execute the provisions of the law. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 670, 103 A.2d 535; *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586." *Roan* v. *Connecticut Industrial Building Commission,* 150 Conn. 333, 340, 189 A.2d 399. Section 25-7b provides that the commission shall regulate the erection of structures in the tidal, coastal or navigable waters of the state with due regard for the prevention or alleviation of shore erosion, the use and development of adjoining uplands, the improvement of coastal and inland navigation for all vessels, including small craft for recreational purposes, the use and development of adjacent lands and properties and the interests of the state, including pollution control and recreational use of public waters, with proper regard for the rights and interests of all persons concerned. The standards set forth in these statutes are adequate and there is no illegal delegation of authority to the commission. The fact that the commission

has not seen fit to adopt regulations as authorized by § 25-7d is of no significance in the determination of the constitutionality of the statute.

The plaintiffs claim that the record before the commission does not justify its acts and that the Superior Court on appeal should have permitted them to introduce evidence. The determination of the claims of the plaintiffs must be made with a proper recognition not only of their rights, but those of the applicants and the state as well. We have had occasion in prior decisions to discuss the common-law rights of applicants for such permits. While the state, as the representative of the public, is the owner of the soil between the high- and low-water mark upon navigable water where the tide ebbs and flows, the applicants' ownership of adjoining upland gave them certain exclusive yet qualified rights and privileges in the waters and submerged land adjoining, and in front of, their upland. *Rochester* v. *Barney,* 117 Conn. 462, 468, 169 A. 45. These rights include the exclusive right to dig channels and build wharves from their land to deep water, so long as they do not interfere with free navigation. This right, like any other property right, is subject to reasonable police regulation in the interest of the public welfare and has been subject to such regulation in Connecticut for many years as provided by the statutes pertinent to the present inquiry and other provisions of chapter 473 of the General Statutes. *Bloom* v. *Water Resources Commission,* 157 Conn. 528, 533, 254 A.2d 884; *Shorehaven Golf Club, Inc.* v. *Water Resources Commission,* 146 Conn. 619, 624, 153 A.2d 444.

The certificate issued to the applicants merely states that the commission, after investigation, had considered the application with due regard for the

matters enumerated in § 25-7b and was of the opinion that the proposed work was in conformance with the purposes of the statute and was not in violation of any of its provisions or regulations. The commission had before it the application, a letter from the shellfish commission indicating that it had no objection and a letter from the state board of fisheries and game which did not oppose the present construction project but expressed some reservation concerning possible future action. It also had before it a report by T. H. Nash, a field inspector, dated July 9, 1969. A mimeographed form was filled in by Nash which indicated that the site had been inspected; that it did not appear that the proposed project would violate any provision of the statutes dealing with the matter; that an adjoining property owner, Rose Milici, did not object; and that the Hotchkiss Grove Association and Stanley and Celia Hall, abutting owners, did object. It also mentioned two petitions stating objections, one containing sixty-six signatures, and the other twenty signatures. It further indicated that the shellfish commission had no objection but that the state board of fisheries and game had reservations. Nash recommended to the commission that the application be approved and that a certificate be issued. Numerous letters objecting to the project were sent to the commission but what, if any, consideration was given to these objections is not apparent from an examination of the record.

The plaintiffs attempted to call witnesses and made offers of proof for the purpose of presenting evidence concerning the effect which the construction of the pier would have on the recreational use of the water, erosion, the flow of water, the decrease of beach access to the plaintiffs, the accumulation of

filth, oil and other substances, the destruction of natural beauty, the effect on access to the public grounds at Baypoint, located at the southwesterly boundary of the bay, and the effect on sailing, fishing, clamming, and swimming in the area. The plaintiffs offered to call an engineer as a witness to testify as an expert as to the beach erosion occurring at the present time and the effect of the proposed structure in compounding the erosion. They also offered four photographs of the area for the purpose of indicating the continuing erosion which would result from the granting of the permit. The witnesses were not permitted to testify and the offers of proof were rejected by the trial court on the ground that the oral testimony would, in effect, duplicate the written objections already made. The plaintiffs duly excepted to the rulings of the trial court and assigned them as error.

On an appeal from an administrative board we have repeatedly stated that the function of the court is to determine whether or not it acted illegally. "The function of the court in reviewing the proceedings of an administrative board depends upon the character of the proceeding. In cases where the statute provides for a full hearing and record before the administrative board, the procedure on the so-called appeal, like the procedure upon a trial before a judge, is upon the record of the proceedings before the board; and from this record it can be determined whether the board acted arbitrarily, unreasonably, or contrary to law. On the other hand, where it does not appear from the record of the proceedings before the administrative board whether or not its decision was legally warranted by the facts upon which it acted, evidence may be received by the court acting on the appeal as to the

testimony before the administrative board and the proceedings upon which it acted, *Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137, or, on the other hand, the court upon appeal may hear evidence itself or by a reference and determine for itself what the facts were and assume that the administrative board acted upon those facts. *Levine* v. *Zoning Board of Appeals of Meriden,* 124 Conn. 53, 57, 198 Atl. 173; *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 526, 191 Atl. 98." *Beaverdale Memorial Park, Inc.* v. *Danaher,* 127 Conn. 175, 182, 15 A.2d 17. "Under our procedure one appealing from the action of an administrative board under a statute which does not otherwise provide may, if the record before the board does not sufficiently disclose the basis of its action, offer evidence before the court as to the facts, and the court will act on the assumption that they were the basis upon which the board reached its decision." *Jaffe* v. *State Department of Health,* 135 Conn. 339, 354, 64 A.2d 330.

Here, the proceedings of the defendant commission were ex parte as far as the plaintiffs are concerned. The record before the court was scanty and did not permit a determination by the trial court as to what the facts were on which the commission acted and whether the decision of the commission was legally warranted. Under these circumstances, the trial court on appeal should hear evidence to determine what the facts were and act on the assumption that such facts were the basis on which the board reached its decision. *Jaffe* v. *State Department of Health,* supra. "It would have been preferable, and of assistance to the court, if the board collectively had formally stated the reason or reasons for its action as was done in cases such as *Atlantic Refining Co.* v. *Zoning Board of Appeals,*

142 Conn. 64, 67, 111 A.2d 1, and *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 710, 68 A.2d 123." *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 215, 257 A.2d 795.

In 1965 the commission had before it an application from the same applicants to construct, at the identical location, a stone pier thirty feet long and eight feet wide. The permit was denied because "the proposed project would not permit the public to exercise their rights of recreational use of public waters and would not permit development of adjacent lands and properties." The plaintiffs claim that no substantial change in conditions has been shown to justify a reversal of the commission's prior decision in granting the present application. The question whether the permit sought in this case is substantially the same as that previously denied is for the defendant commission to determine in the first instance. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619. While there are certain structural differences apparent in the later application, the matter can be better determined in the light of evidence produced on a retrial in the Superior Court.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.