## J & E AUTO SERVICE, INC. *v.* COMMISSIONER OF MOTOR VEHICLES

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 166152

Memorandum filed July 29, 1971

*LaBelle, Rothenberg & Woodhouse,* of Manchester, and *Samuel Tapper,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Charles K. Thompson,* assistant attorney general, for the defendant.

SADEN, J. The plaintiff, a used car dealer, of Hartford, agreed to perform certain repair work on a car owned by Leonardo Colon on August 1, 1969. After a period of more than two weeks, the plaintiff had failed to complete the work to any substantial degree. It did some paint work on the car which was allowed to become rain-pitted. For all of his aggravation and the incompetent performance of the plaintiff, Colon had to pay $80 to obtain his car. At the time of the hearing before the defendant (September 15, 1969) which Colon requested, the work still had not been completed.

In addition, the plaintiff conceded that while it had Colon's car in its possession Mrs. Saunders, wife of the president of the plaintiff, had driven Colon's

car 546 miles without permission and not for the purpose of testing the plaintiff's workmanship such as it was.

The plaintiff, through its president Saunders, admitted that the work could have been done in three days with no problems, and if rushed, it could have been done in two days. While Saunders intimated in his testimony that his wife drove the car back and forth to Tolland for the car's safety because of trouble in Hartford during August, 1969, when he was asked why he did not leave the car in Tolland instead of driving it back and forth, his only answer was, "That is a good question."

The plaintiff now claims on appeal that it did not have an opportunity to cross-examine the complaining witnesses, nor was it advised of its right to cross-examine them. Since this is a civil and not a criminal proceeding and since no claim of this nature was made by the plaintiff at the hearing before the motor vehicles department, the plaintiff cannot now raise the issue for the first time on an appeal. Its lack of legal representation at the department hearing was a matter of its choice. The plaintiff did testify at the hearing and was not restricted in offering its version of what occurred. Had it desired to cross-examine the complainants, it could have requested permission to do so. Its silence indicates that it was satisfied to testify itself and to offer other witnesses in support of its own position without cross-examination.

On an administrative appeal such as this, the court's function is to determine whether the motor vehicles commissioner acted arbitrarily, unreasonably or contrary to law. *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* 161 Conn. 50, 56. If the evidence reasonably supports the commissioner's conclusion, the court must uphold it.

The defendant commissioner found that the plaintiff was no longer qualified to hold a used car dealer's license on the basis of the above conduct by the plaintiff.

The plaintiff's appeal alleges nothing more than a violation by the defendant commissioner of the plaintiff's due process rights and an arbitrary revocation by the defendant commissioner of the plaintiff's license. In the face of the evidence before the commissioner at the hearing, it is inconceivable how the commissioner could have reached any decision other than to revoke this license. If anyone's rights were violated, it was clearly Colon's, not the plaintiff's.

Section 14-51 of the General Statutes defines a "used car dealer" as a person who shall be "qualified to conduct such business and have a suitable and adequate place of business . . . ." From the transcript it is obvious that the plaintiff was not qualified to hold a used car dealer's license and did not have a suitable and adequate place of business to keep cars awaiting repairs. Furthermore, no "qualified" dealer would ever drive a customer's car for 546 miles without the customer's permission.

The defendant commissioner is to be commended for handling this case as he did. The consumer public has far too long been the victim of unqualified automobile dealers and repairers, and far too many used car dealer licenses have been issued to incompetent individuals with inadequate facilities and personnel to perform decent work.

The appeal is dismissed.