WILLIAM E. JENKINS ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF DARIEN

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued February 1—decided March 1, 1972

*Peter M. Ryan,* for the appellants (plaintiffs).

*Warren W. Eginton,* with whom, on the brief, were *Edward R. McPherson, Jr.,* and *P. Hurley Bogardus,* for the appellee (defendant).

PER CURIAM. The plaintiffs appealed to the Court of Common Pleas from a denial by the zoning board of appeals of the town of Darien of their application for a variance under the Darien zoning regulations. The court rendered judgment sustaining the action of the board and the plaintiffs have appealed from that judgment.

The plaintiffs, on December 9, 1968, acquired property on Outlook Drive in Darien, consisting of adjoining lots 54, 53 and part of 52, located in a residential zone requiring a minimum lot size of

one-half acre. Lot 54, vacant land, consists of .303 of an acre and lot 53 together with part of lot 52, hereinafter called lot 53, on which stands a dwelling house, consists of .585 of an acre. The plaintiffs, on December 30, 1968, petitioned the board for a variance as to lot 54 under §§ 410 and 455 of the Darien zoning regulations. We need concern ourselves only with § 455 since, in their appeal to the Court of Common Pleas, the plaintiffs abandoned their claim that the board improperly denied their request for a variance under § 410.[1] The variance sought was for the purpose of erecting a dwelling house on lot 54.[2]

Following a public hearing, the board stated, in part, in its finding, that the applicants failed to satisfy the requirements of subparagraph (a) of § 455 of the regulations in that they "and their immediate predecessor in title do and did own sufficient adjoining land at the time of the adoption of the Regulations to conform more nearly therewith. The first tract consists of 0.303 acres and the second tract of 0.585 acres"; and that there "is indication that construction of a dwelling on the first tract would aggravate an existing drainage problem and thus be injurious to the neighborhood." On grounds

---

[1] Section 455 of the zoning regulations of the town of Darien provides as follows: "Building on Non-Conforming Lots. A permit may be issued for the erection of a building on any lot, recorded in the Darien Land Records, that has been made non-conforming with respect to area, frontage or width requirements, by the adoption of or any amendments to these Regulations or the Zoning Map, provided: (a) the owner of any such lot did not own sufficient adjoining land at the time of the adoption of said Regulations (September 25, 1954) or said amendments to conform therewith, or more nearly therewith, and (b) all yard and open space requirements of the Regulations are met."

[2] It is undisputed that lot 54 did not conform to the minimum zoning requirement of one-half acre at the time of the adoption of § 455 and comes within the purview of § 455, since it adjoins lot 53.

consistent with these findings, the board denied the request for a variance. The board's action was sustained and the court dismissed the plaintiffs' appeal. The court concluded that the board did not act illegally, arbitrarily and in abuse of its discretion.

The court's functions were limited to a determination whether the board had, as alleged on the appeal, acted illegally, arbitrarily and in abuse of the discretion vested in it. *Verney* v. *Planning & Zoning Board of Appeals,* 151 Conn. 578, 580, 200 A.2d 714; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197; *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 326, 122 A.2d 303. On the record, we find no error in the conclusion of the trial court.

There is no error.