JOHN B. O'ROURKE ET AL. *v.* CITY OF STAMFORD ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 5—decision released December 18, 1979

*Edward J. Frattaroli,* assistant corporation counsel, with whom was *Michael S. Sherman,* corporation counsel, for the appellants (defendants).

*William F. Hickey, Jr.,* for the appellees (plaintiffs).

PETERS, J. This case concerns the propriety of assessments to recover the cost of a new public sewerage system that in part replaced an existing and functional private sewer system. After assessments of special benefits by the defendant sewer commission of the defendant city of Stamford with regard to the construction and installation of the new sewerage system at Shippan Point, the plaintiffs John B. O'Rourke et al.,[1] property owners previously

---

[1] The plaintiffs, John B. O'Rourke and Anita M. O'Rourke, Vera W. Mulaire, A. Scott Pitt and Dorothy L. Pitt, George R. Pryde and Eleanor E. Pryde, and Charles J. Windhorst and Mary N. Windhorst, are all property owners in the Shippan Point area of Stamford.

connected to the older existing sewerage system, appealed pursuant to General Statutes § 7-250[2] to the Court of Common Pleas. That court sustained their appeal and set aside the assessments of benefits against all plaintiffs. From the judgment consequently rendered for the plaintiffs, the defendants city and sewer commission took a timely appeal to this court.

The appeal raises two issues, one procedural and one substantive. The procedural issue concerns the reviewability in this court of findings by the trial court which are denominated as "final" in the language of § 7-250. The substantive issue concerns the propriety of the trial court's conclusion that the assessments against the plaintiffs' properties should be eliminated in their entirety.

## I

The plaintiffs contend that General Statutes § 7-250 limits the scope of our review and requires that we sustain, on procedural grounds, the judgment rendered by the trial court. Since § 7-250 states that "[t]he judgment of said [trial] court, either confirming or altering such assessment, shall be final," the plaintiffs argue that the trial court's findings, at least as to questions of fact such as the presence or absence of special benefits, are binding upon this court. We do not agree.

[2] General Statutes § 7-250 provides in relevant part that "[a]ny person aggrieved by any assessment may appeal to the superior court for the county or judicial district wherein the property is located and shall bring any such appeal to a return day of said court not less than twelve nor more than thirty days after service thereof and such appeal shall be privileged in respect to its assignment for trial." At the time of these proceedings, appeal was to the Court of Common Pleas.

The plaintiffs would have us read § 7-250 as if the cases under it came to the trial court, or this court, as an ordinary administrative appeal. For such an appeal, upon a full hearing and record before the administrative body, review is limited to a determination of whether the administrative agency acted arbitrarily, illegally or so unreasonably as to have abused its discretion; *Woodbury Water Co.* v. *Public Utilities Commission,* 174 Conn. 258, 263, 386 A.2d 232 (1978); *Norwich* v. *Norwich Fire Fighters,* 173 Conn. 210, 215, 377 A.2d 290 (1977); *Jenkins* v. *Zoning Board of Appeals,* 162 Conn. 621, 623, 295 A.2d 556 (1972); *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* 161 Conn. 50, 56, 282 A.2d 890 (1971). On such an appeal, questions of fact must for the most part be resolved upon the administrative record. Davis, Administrative Law § 29.03 (3d Ed. 1972). But the analogy to ordinary administrative appeals cannot be persuasive in the context of General Statutes § 7-250 under which the Court of Common Pleas (now the Superior Court) hears the case as a trial de novo, in which the court, without reference to an administrative record, receives evidence and acts as a finder of fact. *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* supra, 56–57; *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700 (1954); see Maltbie, Conn. App. Proc. § 244.

We conclude therefore that judicial review of proceedings brought under § 7-250 is governed by the same rules as govern appeals in civil cases generally. Maltbie, Conn. App. Proc. § 159. The language in § 7-250 that the judgment "shall be final" is consistent with similar language elsewhere; see,

e.g., General Statutes § 52-263;[3] that signals only that the proceedings in the trial court have become sufficiently conclusive so as to allow initiation of further review in a higher court. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965).

## II

The substantive issue on this appeal is the propriety of the action of the trial court sustaining the plaintiffs' appeal and setting aside all asssessments of benefits against them. The trial court sustained two alternative claims of law made by the plaintiffs: (1) the plaintiffs received no special or peculiar benefit from the new sewerage system installed by the defendant; and (2) the defendants failed to allocate damages for the taking of the plaintiffs' private sewerage system. In connection with the latter conclusion, the court also concluded that because the private system adequately and fully served the plaintiffs' properties, the assessments levied by the defendants fairly measure the damages sustained by each plaintiff and therefore the assessment should be waived in total as to each plaintiff to meet

[3] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. Upon the trial of all matters of fact in any cause or action in the superior court . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal from the final judgment of the court or of such judge . . . to the supreme court." Cf. General Statutes (Rev. to 1975) § 52-6a which was in effect during the pendency of the present assessment appeal and which provides that "[a]ppeals from any final judgment of the court of common pleas rendered in appeals from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken in accordance with the provisions of chapter 902 [Appeals to the Supreme Court] . . . ."

such damages. Fundamental both to the conclusion that the plaintiffs had received no special benefits and to the conclusion that the defendants had improperly allocated assessments was the trial court's finding that the plaintiffs' pre-existing sewerage system was an adequately functioning system.

On this appeal the defendants vigorously attack a number of findings of fact by the trial court. It is noteworthy that the principal witnesses for both parties were men who had been associated with the defendant city of Stamford in connection with the public sewerage project. The plaintiffs relied on the testimony of William Sabia, city engineer, and George Connors, administrative officer of the city sewer commission. The defendants relied on Lawrence Lane, president of the engineering firm that had designed the new system. The plaintiffs called no outside expert witnesses of their own.

The findings of fact that are crucial to the trial court's determination that the plaintiffs had been improperly assessed were that the plaintiffs' pre-existing private sewerage system was adequate and could have been incorporated into the new system as had been done with neighboring systems in the past. Although there was testimony by Sabia and by Lane that the old system was functional, and that some parts of it had been incorporated by way of lateral connections, there was also uncontradicted testimony as noted in the defendants' draft findings that the system was nearing the end of its predicted life span and was in violation of state-determined standards of pollution control. As long ago as *Sargent & Co.* v. *New Haven,* 62 Conn. 510, 512–15, 26 A. 1057 (1893), this court held that a polluting sewerage system is not adequate or proper. See also

*Seiler* v. *Board of Sewer Commissioners of Hingham,* 353 Mass. 452, 456, 233 N.E.2d 306 (1968). Although the pollution might have been abated by incorporation, and although there was contradictory testimony about the engineering feasibility of incorporation, there was uncontradicted testimony that incorporation would have been economically infeasible. The new sewerage system was installed at a cost less than what it would have cost to rehabilitate and incorporate the old system.

The trial court was therefore in error in finding that the plaintiffs' pre-existing system was so adequate and complete that the new public system conferred no special benefits upon them. Nonetheless, the court also found, in a finding not challenged in this appeal and supported by the testimony of the administrative officer, Connors, that in determining assessments on the properties of the plaintiffs the defendant sewer commission gave no consideration whatsoever to the plaintiffs' private system, even though many of the original lateral connections from the lines of the private system were retained when the new system was installed. In this state of the record, we cannot determine what the proper assessments should be. Cf. *Connecticut Ry. & Lighting Co.* v. *Waterbury,* 127 Conn. 617, 620–21, 18 A.2d 700 (1941); *Park Ecclesiastical Society* v. *Hartford,* 47 Conn. 89, 91 (1879); *Clapp* v. *Hartford,* 35 Conn. 66, 80–81 (1868).

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.