ORANGE STREET ARMORY ASSOCIATES, INC., ET AL.
*v.* CITY OF NEW HAVEN
(6482)

BORDEN, DALY and O'CONNELL, Js.

Argued October 11—decision released December 13, 1988

*Bradley K. Cooney,* with whom, on the brief, was *Todd R. Bainer,* for the appellants (plaintiffs).

*Edward Mattison,* deputy corporation counsel, for the appellee (defendant).

BORDEN, J. The plaintiffs[1] appeal from the judgment of the trial court affirming the defendant's denial of the plaintiffs' application for a tax assessment deferral. The plaintiffs press three claims of error: (1) the

---

[1] Large Egg Development Associates is the predecessor in interest to Orange Street Armory Associates, the named plaintiff. Large Egg Development Associates, however, remains a plaintiff in the present action.

defendant's denial of the plaintiffs' application was arbitrary, capricious and a deprivation of constitutional due process; (2) the trial court erroneously refused to admit certain testimony of the plaintiffs' expert witness; and (3) the trial court erroneously refused to admit testimony on the defendant's use of differing definitions of "rehabilitation." We find no error.

The trial court could reasonably have found the following facts. Some time before 1986, the predecessor in interest to the named plaintiff purchased the dilapidated Orange Street Armory building in New Haven from the state with the intention of converting the building into twenty condominium units. The plaintiffs' plan called for the demolition and removal of the entire building, except for the building's facade and portions of two side walls. Only two of the twenty condominium units would incorporate any part of the old wall; the eighteen other units would consist wholly of new construction.

In November, 1986, the plaintiffs submitted to the New Haven department of assessment an application for a deferral of the assessment increase. The application was filed pursuant to a program conducted by the city of New Haven under the authority of General Statutes §§ 12-65 through 12-65f.[2] Under the deferral program, property owners who rehabilitate structures on

---

[2] General Statutes § 12-65c provides: "DEFERRAL OF INCREASED ASSESSMENTS DUE TO REHABILITATION: As used in sections 12-65c to 12-65f, inclusive:

"(a) 'Rehabilitation area' means any municipality, or a part thereof, which is deteriorated, deteriorating, substandard or detrimental to the safety, health, welfare or general economic well-being of the community;

"(b) 'Rehabilitation' means the improvement or repair of a structure or facilities appurtenant thereto, exclusive of general maintenance or minor repairs."

General Statutes § 12-65e provides in pertinent part: "AGREEMENTS TO FIX ASSESSMENTS DURING, AND DEFER INCREASES FOLLOWING, REHABILITATION OR CONSTRUCTION. REQUIRED PROVISIONS. Any municipality which

their property for use as housing can secure a deferral of the tax assessment increase that would result from the improvements to the property.

The defendant's department of assessment (department) denied the application on two grounds: first, that the project contained "more new construction than rehabilitation"; and, second, that the armory building was never declared to be abandoned. The plaintiffs appealed to the defendant's assessment deferral appeals committee (appeals committee), which heard the matter de novo. The appeals committee rejected the appeal on the sole ground that the building contained more new construction than old. On appeal to the Superior Court, the plaintiffs moved for a trial de novo. In addition to the record developed before the department and the appeals committee, the plaintiffs presented testimonial evidence. The trial court sustained the defendant's decision denying the application. This appeal followed.

The plaintiffs first claim that the original decision of the defendant's department was arbitrary, capricious and a violation of the plaintiffs' constitutional right to due process. This claim is grounded on the department's use of certain internal, unpublished criteria in denying the plaintiffs' application. This claim evinces

---

has adopted a resolution, in accordance with the provisions of section 12-65d, designating such municipality or any part thereof as a rehabilitation area, may, upon application of the owner of any real property located in such area who agrees to rehabilitate such property or construct new multifamily rental housing or cooperative housing on such property, enter into an agreement to fix the assessment of the property, during the period of rehabilitation or construction, as of the date of the agreement, but for not longer than seven years, and upon completion of such rehabilitation or construction, to defer any increase in assessment attributable to such rehabilitation or construction for a period not to exceed eleven years, contingent upon the continued use of the property for the purposes specified in the agreement, provided such property meets the criteria established by such municipality in accordance with section 12-65d . . . ."

a misunderstanding of the appellate process in property tax assessment cases.

We note at the outset that both the plaintiffs' appeal from the department to the appeals committee, and their appeal from the appeals committee to the trial court were heard de novo. Thus, the plaintiffs were afforded the opportunity to present their case on the merits anew before both the appeals committee and the trial court. They did in fact present their case on the merits before each of those bodies, even presenting testimony at the trial court hearing.

The defendant concedes that the department arrived at its original decision to deny the plaintiffs' application by following the guidelines contained in an unpublished, internal memorandum, and that such reliance on criteria that were not known to the public may have resulted in a deprivation of the plaintiffs' due process rights. See, e.g., *Helbig* v. *Zoning Commission,* 185 Conn. 294, 307–10, 440 A.2d 940 (1981) (to pass constitutional muster a zoning ordinance must "be as reasonably precise as the subject matter requires and as reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligations"). Both the appeals committee and the trial court, however, were made amply aware of this defect in the department's decision making procedure, and both found that any reasonable interpretation of the definition of "rehabilitation" found in General Statutes § 12-65c (b) compelled the conclusion that the plaintiffs' project contained too much new construction to be considered rehabilitation.

Before reviewing the trial court's judgment on this issue, we consider the appropriate scope of that review. Although General Statutes § 12-65d does not define the type of appellate review the trial court is to provide in tax deferral appeals, the trial referee conducted a

trial de novo. Other statutes authorizing appeals to the trial court of municipal tax questions closely related to the issue in the present case have been held to require a trial de novo. See *O'Rourke* v. *Stamford,* 179 Conn. 342, 426 A.2d 311 (1979) (General Statutes § 7-250 requires trial de novo of appeal from assessment decision of sewage control authorities); *Yale University* v. *New Haven,* 169 Conn. 454, 363 A.2d 1108 (1975) (General Statutes § 12-118 mandates de novo review by the trial court of decisions of city board of tax review); see also *Hutensky* v. *Avon,* 163 Conn. 433, 311 A.2d 92 (1972). We conclude similarly that review in the Superior Court of an assessment deferral decision pursuant to General Statutes § 12-65 et seq. is by trial de novo, and that the trial court's conduct of the appeal as a trial de novo was proper.

Were this case an administrative appeal, the process by which the municipality reached its decision would be more pertinent. The trial court's review in such an administrative appeal would be limited to an examination of the administrative record to determine whether the decision of the administrative body was reasonably supported by facts in the record; see, e.g., *Daughters of St. Paul* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56, 549 A.2d 1076 (1988); and whether it was arrived at by proper procedure; see *Altholtz* v. *Dental Commission,* 4 Conn. App. 307, 313, 493 A.2d 917 (1985); and was free of other significant error of law. See *Plastic Distributors, Inc.* v. *Burns,* 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). In a trial de novo, however, "the court, without reference to an administrative record, receives evidence and acts as a finder of fact." *O'Rourke* v. *Stamford,* supra, 345; *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* 161 Conn. 50, 56–57, 282 A.2d 890 (1971). It follows that in a trial de novo, the trial court's decisions of fact and of law are regarded as independent of those determined before the municipal authorities involved.

In the present case, the trial court had before it the record of the municipal administrative proceedings and the testimonial evidence presented at the trial. Upon this record, the court found that "the so-called rehabilitation [was] a trivial portion of a 4 million dollar new development." Relying upon General Statutes § 12-65c, which defines "rehabilitation" as "the improvement or repair of a structure or facilities appurtenant thereto, exclusive of general maintenance or [minor] repairs"; see footnote 2, supra; the court ruled that the plaintiffs' project did not come within the statutory definition of "rehabilitation." We agree with the trial court. The statutory definition clearly implies the *preservation* of a preexisting structure, albeit in an "improved" or refurbished state. "Improvement or repair" is not the equivalent of "replacement." The plaintiffs' project, while returning a dilapidated property to a productive state, cannot be said to be a rehabilitation of the structures that stood upon the property before the plaintiffs' project began.

That the earlier decision of the department may have been marred by reliance on the unpublished criteria contained in the internal memorandum is of no moment in our review of the trial court's decision. Unless the procedural or legal error that flawed the earlier decision is repeated in or otherwise taints the trial de novo, the decision arising from the de novo hearing may not be attacked on the basis of errors that occurred at the earlier procedure. Because the appellant is afforded the opportunity to present its case anew, any error occurring in the course of a prior adjudication that is not repeated presents a moot question.

The plaintiffs next claim that the trial court erred in excluding the testimony of the plaintiffs' witness on the issue of whether the plaintiffs' project qualified for the deferral. This claim has no merit. The plaintiffs' witness was an attorney. The plaintiffs asked the wit-

ness whether, in his opinion, the plaintiffs qualified for the deferral. The defendant objected, claiming that the question elicited opinion testimony and that the plaintiffs had not presented foundation evidence to qualify the witness as an expert.

The trial court sustained the objection on the basis of the witness' lack of qualification to testify as a witness on the subject. Although we sustain the ruling of the trial court, we do so on a different ground. The question called for a legal conclusion and was therefore improper. *Madison* v. *Guilford,* 85 Conn. 55, 65–66, 81 A. 1046 (1911); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) §§ 7.12.3, 7.17.2. A witness is incompetent to offer a legal opinion; *Turner's Appeal,* 72 Conn. 305, 316, 44 A. 310 (1899); except on the issue of foreign law. C. Tait & J. LaPlante, supra.

The plaintiffs' final claim is that the court erred when it refused to allow the plaintiffs' witness to testify as to the defendant's use, in other cases, of certain definitions of "rehabilitation" that were different from the definition contained in General Statutes § 12-65c (b). The plaintiffs contend that the city's selective use of other definitions was relevant evidence of the arbitrary, capricious and unlawful way in which the defendant decided to deny the plaintiffs' application in this case. This claim is without merit.

The plaintiffs' claim erroneously assumes that the trial court reviewed the action of the city as if this were an administrative appeal. That simply is not the case. The trial court determined that the plaintiffs' project did not fall within the definition of "rehabilitation" found in General Statutes § 12-65c (b). The trial court's decision, which we review, was properly based on the definition of "rehabilitation" contained in the enabling statute. The plaintiffs' claim that we should reverse the trial court's decision because of the possible arbitrary

use by the city of other definitions in other cases, therefore, is unavailing.

There is no error.

In this opinion the other judges concurred.