[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of property which either abut the property involved or are statutorily aggrieved because of the proximity of their property to the instant property. The plaintiffs have appealed from the grant of a use variance which would permit the subject property to be used for professional CT Page 3662 offices.
The plaintiffs are found to be aggrieved parties by reason of their ownership of properties which abut or are within a radius of one hundred feet of the land involved.
The record reflects that the defendant Joseph Montesano filed the application for a use variance to convert a former school building into professional offices. The school building was constructed in 1896 and it is located at 564 Thompson Avenue in East Haven, Connecticut. The parcel of land is 100 feet deep with frontage on Thompson Street and Kirkham Avenue. The property is located in an R-1 zone which restricts the use of the property primarily to residential uses. The parcel is a half block from Main Street and there are numerous professional offices in the area, most of which are in houses which have been converted to professional uses.
The property was purchased by the defendant Montesano from the Town of East Haven for the sum of $450,000.00 on January 10, 1989. At the time of purchase the buyer was expected to use his best efforts to secure approval for elderly housing. The application subsequently filed by the defendant for elderly housing was denied because of the requested modifications to the building, the number of 31 units requested and the strong objections by the neighbors.
The defendant Montesano then filed the present application seeking to create eleven professional offices in the building with no additions to the structure except for an elevator shaft in the rear of the building.
The plaintiffs contend the defendant Zoning Board of Appeals acted improperly in granting the use variance because there was no evidence of an unusual hardship and the Board failed to describe any exceptional difficulty or unusual hardship. They also claim that the variance relates only to financial advantages for the property which does not warrant the grant of the application.
The defendant argues that the use variance was properly granted because the building does not lend itself to a residential use, and because of its location in an area where other professional offices were located it would not have an adverse impact upon the neighborhood.
A review of the record leads this court to conclude that the Board of Zoning Appeals did not err in granting the use variance to permit the changes from an abandoned school to an eleven unit professional office use. The zoning regulations specifically permit the location of a professional office in a residential CT Page 3663 building. Therefore the approved variance is not a substantial change in the uses permitted in that neighborhood.
A zoning board of appeals is an administrative agency, a quasi-judicial body, that is endowed with a liberal discretion. The judgment can be overturned only when it has been exercised in an unreasonable, arbitrary or illegal manner. Florentine v. Darien, 142 Conn. 415, 426 (1955). One of the functions of the board is to put elasticity into zoning ordinances by granting variances, though these should only be granted sparingly and in cases of exceptional hardship. Point O'Woods Association v. Zoning Board of Appeals, 178 Conn. 364, 368 (1979). Mere financial loss or disappointment in the use of property is not sufficient. Variances should only be granted when in harmony with the general purpose and intent of zoning ordinances. Krejpcio v. Zoning Board of Appeals, 152 Conn. 651, 662 (1965); Conn. General Statutes 8-6 (3).
Variances may be granted where adherence to the strict letter of the zoning ordinance is peculiarly oppressive to an applicant' property unnecessary to the carrying out of the general purpose of the zoning plan. Additionally, the variance must not affect adversely and substantially the comprehensive zoning plan, so as to remain in general harmony therewith, pursuant to the requirements of Conn. General Statutes 8-6(3).
The hardship which confronted the defendant was different in kind from that generally affecting properties in the same district, and the hardship did arise out of circumstances or conditions beyond the control of the property owners which would justify the granting of the variances. Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 238-239, Highland Park Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43. The hardship in this case arose out of the unusual nature of the structure and its location in an area of permitted professional offices in the area. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658; Misuk v. Zoning Board appeals, 138 Conn. 477, 481.
The issue raised on this appeal is whether the court c conclude that the action of the defendant board was arbitrary, illegal or abuse of its discretion. Bogue v. Zoning Board of Appeals, 165 Conn. 749, 852, 345 A.2d 9 (1974); see Jenkins v. Zoning Board of Appeals, 162 Conn. 621, 623, 295 A.2d 556 (1972). Courts are not to substitute their judgment for that of the board; Koproski v. Zoning Board of Appeals, 162 Conn. 635, 205 A.2d 564
(1972); Wil-Nor Corporation v. Zoning Board of Appeals, 146 Conn. 27,30, 137 A.2d 197 (1958); and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Young v. Town Planning CT Page 3664 Zoning Commission, 151 Conn. 235, 245, 1967 A.2d 427 (1963). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . ." Willard v. Zoning Board of Appeals,252 Conn. 247, 248-49, 206 A.2d 110 (1964). See Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662, 211 A.2d 687 (1965). The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Horvath v. Zoning Board of Appeals,163 Conn. 609, 316 A.2d 418 (1972); Thorne v. Zoning Board of Appeals,156 Conn. 619, 621, 238 A.2d 400 (1968); Talmadge v. Zoning Board of Appeals, 141 Conn. 639, 642, 109 A.2d 253 (1954).
The conclusions reached by the defendant board were proper based upon the record, and the Board's decision was not arbitrary, illegal or in abuse of its discretion. Therefore, based upon the foregoing, the decision of the defendant Zoning Board of Appeals is affirmed and the appeal is dismissed.
Howard F. Zoarski, Judge