[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's motion to reopen the judgment of January 4, 1990, is hereby denied.
The lack of demonstrated compliance with Connecticut Practice Book 354 serves to extend the four month time period within which the defendants may seek to set aside the judgment against them. DiSimeone v. Vitello, 6 Conn. App. 390 (1986). That section does nothing, however, to alter the two part test set forth in Connecticut Practice Book 377 and Connecticut General Statutes 52-212 (b) which determines when a motion to reopen can be granted. As pronounced therein, the aggrieved party must demonstrate
 1. that a good defense existed at the time judgment was rendered; and,
 2. that the party seeking to disturb the judgment was prevented from making that defense because of a mistake, accident or other reasonable cause.
Pantlin and Chananie Development Corp. v. Hartford Cement and Building Supply Company, 196 Conn. 233 (1985) and Triton Associates v. 6 New Corporation, Et Al, 17 Conn. App. 172
As the parties have agreed, the defendant involved herein received in in hand the true and attested copy of the original writ, summons and complaint on October 31, 1989. Nevertheless, he chose not to file an appearance, retain counsel, present a defense, etc. These decisions are ones for which only he can assume responsibility. Those choices were knowingly, is not intelligently made, and do not come within the guidelines of the Practice Book and statute that allow for the reopening of a judgment.
JOETTE KATZ, JUDGE. CT Page 9968