[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8266
This is an administrative appeal in which the plaintiff is appealing from a decision of, defendant Town of Stonington Inland Wetlands Commission ("Commission") approving an application of defendant William Boyce ("Boyce") for a permit for construction of a driveway crossing an intermittent watercourse.
The plaintiff raised several issues in his appeal, but has abandoned all of such issues except for his claim that the Commission's decision was an impermissible reversal of a prior decision by it denying the same application.
The return of record establishes the following facts. On October 4, 1988 Boyce applied to the Commission for a permit to build, a single family, residence on property located on Poggy Bay Lane, Mason's Island, Stonington, Connecticut. On November 2, 1988, the Commission denied Boyce's application. The reasons for denial included the inadequacy of Boyce's plan to provide proper buffers from either tidal or inland, wetlands.
On January 7, 1992, Boyce reapplied to, the Commission for a permit. On February 6, 1991 at the Commission's request, the town engineer ("Engineer") reviewed the application and recommended several changes in the application. Thereafter, Boyce asked for an extension and incorporated such changes into his application. On March 6, 1991, after Boyce had adopted the Engineer's recommendations, the Commission approved the application. No reason for the decision was given.
General Statutes 22a-43 (a) of the Inland Wetlands and Watercourses Act states: "any person owning or occupying land which abuts any portion of land . . . involved in any . . . decision or action made pursuant to said sections may . . . appeal to the superior court." The plaintiff's property abuts and adjoins the subject property of this appeal. Therefore, the plaintiff is statutorily aggrieved and has standing to bring this appeal.
In reviewing an agency's decision, the court is limited to a review of the evidence and reasoning the agency has placed on the record. Kaeser v. Conservation Commission,20 Conn. App. 309, 311 (1989). The agency's decision must be sustained if an examination of the record discloses substantial evidence in support of the decision. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525,539-40 (1987). Courts must not substitute their judgment for CT Page 8267 that of the agency and must not disturb decisions of agencies so long as honest judgment has been reasonably and fairly exercised after a full hearing. Fernandes v. Zoning Board of Appeals, 24 Conn. App. 49, 53 (1991)
The plaintiff claims that Boyce's 1990 application was identical to his 1988 application and argues that the approval of the 1990 application was an impermissible reversal by the Commission of a previous decision by it denying the 1988 application. In opposing this appeal, the Commission and Boyce claim that there was a material change of circumstances between the two applications and that the Commission's decision was valid.
Ordinarily, an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 367 (1988). Whether a permit is substantially the same as a permit which was previously denied is for the commission to determine in the first instance. Hotchkiss Grove Assn. Inc. v. Water Resources Commission, 161 Conn. 50, 58 (1971). "The plaintiff bears the burden of proof to show that there was no change of conditions or circumstances since the prior application." Bradley v. Inland Wetlands Agency, 28 Conn. App. 48,51 (1992).
The record indicates that the Commission requested the Engineer to review the impact of the proposed driveway and drainage flow system as originally portrayed in the application. Upon completing this review, the Engineer recommended the excavation of the subsoil underneath the proposed driveway, replacement of the subsoil with granular porous material, construction of a culvert under the driveway and the installation, of a water catch basin just off of the house. The Engineer's report also stated that the proposed leaching field would not have a negative impact. Boyce requested an extension to review the Engineer's recommendations and incorporated the recommendations into his application. The minutes of the March 6, 1991, meeting of the Commission reflect that the Commission was cognizant of such changes when Boyce's application was approved.
The record indicates that the Commission recognized a change of circumstances and conditions in the 1990 application and that Boyce's 1990 application was different from the 1988 application. Consequently, the Commission's approval of the 1990 application was appropriate.
CT Page 8268 Accordingly, the plaintiff's appeal is dismissed.
Hendel, J.