[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING TAXPAYER'S MOTION FOR ORDER PROTECTING AGAINST DISCOVERY BY BOARD OF TAX REVIEW
On July 22, 1992, the plaintiff-appellants, Joseph R. and Lillian Pesce (hereinafter Pesces), filed an appeal from the CT Page 644 action of the Board of Tax Review of the City of Milford (hereinafter Board). The Pesces allege that they are the owners of property located at 67 Hillside Avenue in Milford, Connecticut, that was valued at $219,310.00 by the city assessors. The Pesces further allege that after arguing to the Board that the aforementioned assessment was, inter alia, grossly excessive, the Board reduced the total gross assessment by $22,680.00 for a new total value of $196,630.00. The Pesces are appealing from the action and ruling of the Board.
On September 15, 1992 the Board filed an answer which essentially denies those allegations of the appeal which claim that the assessor's valuation of the property is grossly excessive.
On October 1, 1992 the Pesces filed a motion for protective order to prohibit the Board from conducting discovery on the ground that this "action is an administrative appeal and discovery may not be had unless there is a finding that it is reasonably probable that evidence outside the record will be required."
On October 21, 1992 the Board filed an objection to the motion for protective order. In that objection the Board argues that this appeal should be treated as any other civil matter and that the same course of pleading used in ordinary civil actions should be followed.
"`A taxpayer who is aggrieved by the decision of the Board of Tax Review has an appeal to the courts where the matter is tried de novo.'" Yale University v. New Haven, 169 Conn. 454,465, 363 A.2d 1108 (1975), quoting Hutensky v. Avon,163 Conn. 433, 436, 311 A.2d 92 (1972). "In addition, Practice Book . . . 257(d) . . . [implies] that tax appeals receive a de novo review in the Superior Court." Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 145, 527 A.2d 679 (1987).
When "the appellant is afforded the opportunity to present its case anew . . . ." Orange Street Armory Associates, Inc. v. New Haven, 17 Conn. App. 166, 172, 551 A.2d 759 (1988); "`the court, without reference to an administrative record, receives evidence and acts as a finder of fact.'" (Emphasis added.) Id., 171, quoting O'Rourke v. Stamford, 179 Conn. 342,345, 426 A.2d 311 (1979). "The resolution of the issues raised is a matter for the court . . . but extensive evidence is manifestly CT Page 645 required to prove or disprove the reasonableness of the [assessment]." (Emphasis added.) Sadloski v. Town of Manchester, 6 CTLR 113, 114 (February 27, 1992, Spada, J.).
"Practice Book 218 . . . liberally permits discovery of information `material to the subject matter involved in the pending action . . . .'" (Emphasis in original.) Lougee v. Grinnell, 216 Conn. 483, 489, 582 A.2d 456 (1990). Furthermore, "[d]iscovery shall be permitted if the disclosure sought would be of assistance in the . . . defense of the action . . . ." Practice Book 218.
Accordingly, the motion for protective order is denied I on the ground that appeals from boards of tax review receive de novo review in the superior court and that therefore the Board should not be prohibited from conducting discovery, so long as it is tailored to lead to discovering evidence relevant and material to the subject matter involved in the pending action.
Clarance J. Jones Judge