[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive issue in this case is whether the Water Pollution Control Authority (WPCA) of the Town of Windsor Locks may require the payment of a per unit sewer entrance fee for certain residential apartments when the town ordinance and sewer use charge schedule establishing such fees do not explicitly permit the fee to be charged on a per unit basis. The Court concludes that the WPCA may not require such a per unit entrance fee to be charged in the absence of clear authority, and therefore grants plaintiff's request for declaratory relief in this case.
Background
Trial was held in this matter on November 29, 1996. I have examined the full trial transcript. Post-trial briefs have been submitted by both sides and reviewed.
Evidence at the trial indicated that plaintiff has converted three office suites on the second floor of a commercial building at 73 Old County Road, Windsor Locks, into nine residential apartments. Evidence also indicated that after all necessary permits were issued and construction was finished, but prior to authorizing the defendant town building inspector to issue a certificate of occupancy, the WPCA demanded an entrance fee of $3,000 for each of the nine apartments, for a total of $27,000. Defendants claim that payment of a per unit entrance fee is authorized by the applicable enabling ordinance and General Statutes Section 7-255. Plaintiff disputes this. Plaintiff argues that no entrance fee is owed because he previously paid the entrance fee to connect the premises to the WPCA system when the subject building was constructed in 1987. The evidence at the hearing indicated that the renovations at issue are in the nature of interior remodeling inside the building, do not in spite of the additional units create a new discharge or substantial change in the volume or character of the discharge, and require no alteration of the pre-existing lateral connection into the WPCA trunk line. CT Page 376
Plaintiff seeks a declaratory judgment that defendant WPCA lacks authority to require payment of the per unit fee and that the defendant building inspector lacks authority to deny the certificate of occupancy.[1]
 Legal Discussion[2]
The schedule upon which the WPCA must rely to charge the per unit entrance fee, adopted by the WPCA pursuant to General Statutes Section 7-255, was established on June 14, 1994. Cf.Westport Taxi Service. Inc. v. Westport Transit District, Inc.,235 Conn. 1, 43 (1995); Plaintiff's Exhibit 2. It states: "ENTRANCE FEE to the Town's collection system $3,000." The schedule says nothing about a per unit entrance fee.
Defendants base their view that the connection fee must be paid principally on Section 4.2 of its sewer ordinances, and the sewer use charge schedule. Section 4.2 provides in part as follows:
 Any person proposing a new discharge into the public sewer system or a substantial change in the volume or character of pollutants that are being discharged into the public sewer system shall notify the Superintendent.
Defendants argue that the per unit entrance fee charge is appropriate because the WPCA has consistently and publicly followed the practice of charging a per unit fee over a long period of time, and because this practice, until recently unchallenged, is fair and reasonable. See defendants' exhibits B through M.
Defendants also argue that Section 7-255 provides an independent basis to demand the per unit fee, insofar as it lists various factors to be considered in establishing or revising certain charges.
To be sure, as defendants note, the Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by engaging in "a microscopic search" for technical infirmities in their actions. Bravo v. Real Estate Commission,177 Conn. 515, 519 (1979). But a municipal agency or authority cannot legitimize the questionable application of an ordinance CT Page 377 simply by claiming that it has gone unchallenged in the past, by subsequent purported clarifications, or by arguing that a person has previously paid such a fee, as plaintiff did in 1987. In the final analysis, the ordinance and sewer user charge schedule fail to provide a clear basis to charge $3,000 per unit given the facts and circumstances of this case.
An ordinance must be clear as to the nature of the charges a property owner faces, and properly inform property owners as to their rights and obligations. Orange Street Armory Association,Inc. v. City of New Haven, 17 Conn. App. 166, 170 (1988). Here, the ordinance and schedule are silent as to a per unit connection fee. Nor do the ordinance and schedule indicate that per unit fees are to apply to situations involving interior remodeling. I fully agree with Judge Berger, who stated as follows in the GroveStreet case:
 While the WPCA certainly has the authority to charge a reasonable connection fee, its fee must be based on a properly promulgated regulation or ordinance. General Statutes Section 7-255. In the present case . . . the sewer use charge ordinance is silent on the topic of multi unit connection fees. Regulations governing land use "must be reasonably precise as the subject matter requires and as reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligation." Helbig v. Zoning Commission, 185 Conn. 294, 307-308 (1981). A reasonable adequate and sufficient guide would certainly state the requirements for per unit connections. It cannot be left to a case by case, commission by commission basis. "To hold otherwise, to permit an administrative agency to develop an ad hoc plan as a yardstick against which to measure any given proposal, is to substitute whimsy for sound judgment." Monroe v. Middlebury Conservation Commission, 187 Conn. 476, 484 (1982). Furthermore, as noted by the court therein:
 Although due process is not intended to hold administrative agencies under a short leash, it is designed to restrain them from roaming at will over the CT Page 378 adjudicative landscape. To avoid such constitutional problems, statutes sometimes specifically preclude an administrative agency from exercising its statutory powers until it adopts appropriate regulations to govern its doings.
 This court is aware . . . that the WPCA has followed a practice of charging a connection fee based on the number of units. Nevertheless, this practice is not a substitute for a properly promulgated regulation. General Statutes Section 7-255.
I see no reason, given the facts in this case, to depart from the sound reasoning of Judge Berger's decision in the GroveStreet case. There is no persuasive reason in this case, just as there was no persuasive reason in Grove Street, to conclude that the WPCA has a proper basis upon which to require a per unit entrance fee under present circumstances. Defendants' argument that Section 7-255 provides an independent basis for the charge in circumstances such as those present in this case is unpersuasive, in the absence of authority, which defendants have not supplied.
I therefore conclude, based on a review of the full record, that the discharge, while somewhat different than before,[3] is neither new nor constitutes a substantial change in the volume or character of the pollutants; and that the ordinance and schedule, being silent and/or unclear as to any per unit connection fee in circumstances such as those present in this case, do not provide a lawful basis to charge such a per unit fee, irrespective of alleged past practices.
In the final analysis, the ordinance and sewer use charge schedule do not provide clear authority for the WPCA to demand that plaintiff pay $27,000 given the facts in the record. Accordingly, the Court concludes that the WPCA's demand for payment of a per unit fee is not justified, and that the defendant building inspector is not lawfully empowered to withhold the plaintiff's certificate of occupancy or to revoke the plaintiff's building permit for failure to pay said fee.
Lavine, J. CT Page 379