ROBERT HORN *v.* ZONING BOARD OF APPEALS
OF THE CITY OF NORWALK
(7280)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 12—decision released June 20, 1989

*Sara L. Oley,* assistant corporation counsel, for the appellant (defendant).

*Louis J. Colangelo, Jr.,* with whom was *Richard L. Mintz,* for the appellee (plaintiff).

O'CONNELL, J. The plaintiff applied to the Norwalk zoning inspector for a certificate of zoning compliance as a prerequisite to obtaining a building permit. The zoning inspector denied the application on the basis of his finding that the lot in question (30A) had merged with an adjacent lot (109). That decision was upheld by the zoning board of appeals but subsequently was reversed by the trial court which found that the record did not support a finding of merger. The defendant board appealed to this court.

The defendant made five claims of error.[1] In view of our conclusion that the trial court substituted its judgment for that of the local zoning authority, we do not reach the other claims of error.

---

[1] The defendant claims the trial court erred (1) in overturning the factual decision of the zoning board of appeals that there was a merger of the lots, (2) in finding that the zoning board of appeals had acted arbitrarily, illegally and in abuse of its discretion in finding that a merger of the lots existed, (3) in substituting its own judgment for that of the zoning board of appeals when it found that the zoning board of appeals reportedly gave

The record of proceedings·before the zoning board of appeals discloses that it conducted an extensive hearing, listening to numerous witnesses and receiving many exhibits including the zoning inspector's report, a report from the tax assessor's office, and numerous deeds tracing the title of the two lots. The transcript of the executive session shows a thorough discussion of the evidence culminating in a four to one decision denying the appeal. In a four sentence memorandum of decision, the trial court reversed the decision of the zoning board of appeals and sustained the appeal.[2]

The limited scope of judicial review of zoning matters is well established. The controlling question for the trial court is whether the zoning board acted arbitrarily or illegally or so unreasonably as to have abused its discretion. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 50, 484 A.2d 483 (1984). The discretion of the local board is a liberal one to be overturned only when the board has not acted fairly or has no valid reasons for acting as it did, or with improper motives. Id., 49. "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision." *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56,·549 A.2d 1076 (1988). "Courts must not substitute their judgment for that of the zoning board and

no weight to the separate taxation of the lots, (4) in finding that the zoning board of appeals had given no weight to the separate taxation of the lots when in fact such information was available to the zoning board of appeals, as stated in the record, and was considered by the zoning board of appeals, and (5) in shifting the burden to the city to establish merger.

[2] The trial court's complete memorandum of decision is as follows:

"(1) The plaintiff is aggrieved.

"(2) Record does not support merger of title—board gave no weight to separate taxation of lots.

"(3) The zoning board acted arbitrarily, illegally and in abuse of its discretion.

"(4) Appeal is sustained."

must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing." *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164, 556 A.2d 1049 (1989).

We conclude that the trial court exceeded the scope of its judicial review when it determined that the evidence of merger was insufficient. It was restricted to a determination of whether the board's finding of merger was reasonably supported by the record and whether this was a pertinent basis on which to deny the plaintiff's application. It had no authority to weigh the evidence and determine the issues of fact involved. Because the record reasonably supports a finding of merger, the trial court impermissibly substituted its judgment for that of the zoning board. *Torsiello* v. *Zoning Board of Appeals,* supra.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.