[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Stratford Zoning Board of Appeals which upheld an order of the Zoning Enforcement Officer that three portable canvas structures on the plaintiff's property were garages, constructed in violation of the zoning regulations. CT Page 6453
In order to maintain an appeal under § 8-8 of the General Statutes, the appellant must prove aggrievement. The two part test for aggrievement requires the appellant to show a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, and that this specific personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning Zoning Commission,176 Conn. 475, 478. In its answer to the appeal the defendant denied the plaintiff's allegations of aggrievement, and stated that it had insufficient evidence that the appellant was the record owner of the property for which the cease and desist order was issued. The fact that the plaintiff made an application to the administrative agency does not, by itself, prove aggrievement.Bakelaar v. City of New Haven, 193 Conn. 59, 66; Beckish v.Manafort, 175 Conn. 415, 419. The plaintiff offered no evidence on the issue of aggrievement at trial. The statement of plaintiff's attorney that the plaintiff owned the subject property is not evidence.
The failure to offer evidence on the threshold issue of aggrievement is usually fatal in an administrative appeal. However, it has been recognized that where the plaintiff was the applicant to the administrative agency and the record recites that the plaintiff was the owner of the property involved in the application, that the plaintiff is aggrieved by denial of the application by the agency. Bossert Corporation v. Norwalk,157 Conn. 279, 285. Contrast with I. R. Stich Associates, Inc. v.Town Council, 155 Conn. 1, 3, 4. Documents in the return of record, including the cease and desist order from the zoning enforcement officer, recognize the plaintiff as the property owner when the cease and desist order was issued and the appeal was heard and decided by the zoning board of appeals. These references to the plaintiff's ownership interest in the property can be considered admissions by the defendant. Since there is nothing in the record to indicate that the ownership of the property has changed since the appeal was taken in August 1993, the court finds that aggrievement has been shown by a fair preponderance of the evidence.
When there is an appeal from a decision of a zoning board of appeals which has reviewed a ruling of the zoning enforcement officer, the court reviews the decision of the zoning board of appeals based on the record before it and not the ruling or record of the zoning enforcement officer. Caserta v. Zoning Board ofAppeals, 226, 80, 87-91. The zoning board of appeals has the CT Page 6454 authority to interpret the town's zoning ordinances and decide whether it applies in a given situation. Molic v. Zoning Board ofAppeals, 18 Conn. 159, 165; Stern v. Zoning Board of Appeals,140 Conn. 241, 245. While the Superior Court is not bound by the legal interpretation of a zoning ordinance by the zoning board of appeals, Melody v. Zoning Board of Appeals, 158 Conn. 516, 518, the legal interpretation of the ordinance by the board is entitled to some weight and consideration, and the court decides whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440; Thorne v. Zoning Board of Appeals,156 Conn. 619, 620. Where the board gives reasons for its action, the question is whether the reasons given are supported by the record and pertinent to the decision. Molic v. Zoning Board of Appeals, supra, 164; Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676. However, the court cannot make its own determination of questions of fact and substitute its judgment for the board's decision. Id., 677. Where there is a mixed question of fact and the legal interpretation of the ordinance, the board's decision will be upheld unless that decision was unreasonable. Toffolon v.Zoning Board of Appeals, 155 Conn. 558, 560, 561.
The defendant agreed with the zoning enforcement officer's interpretation of the ordinance and that the three canvas structures on the subject property violated § 4.1.8 of the Stratford Zoning Regulations. Section 4.1.8 allows as accessory uses private garage spaces for not more than three vehicles on any lot. The record discloses that there were three existing garages prior to the addition of the three canvas structures that were the subject of the cease and desist order. The board could reasonably conclude from the record that these structures were used as additional garage spaces and that they amounted to a "building" as defined in § 1.5 of the Zoning Regulations. Section 1.5 defines a building as:
 "Any structure having a roof or intended for the shelter, housing or inclosure of persons, animals or materials. Any other structure more than eight feet high shall be considered as a building including a solid fence or wall, but excluding an electric transmission line or a utility pole, highway or railroad bridge, flag pole, retaining wall or radio or T.V. antenna."
The record showed that the structures used as a garage were CT Page 6455 completely inclosed by a heavy canvas type of material, that they were anchored to the ground and were over eight feet high. These facts supported a finding that the structures were buildings as defined in § 1.5. The board could also reasonably conclude the use of the canvas structures as additional garage space violated § 4.1.8 since there were already three garage spaces on the property. The board's application of the ordinance was correct based upon its interpretation of the facts in the record.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE