[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Henry A. Kulos and Agnes J. Kulos, by their complaint dated September 10, 1992, appeal from the decision of the Zoning Board of Appeals of the City of Norwich (Board), which decision was dated August 28, 1992, claiming aggrievement and representing that the Board acted illegally, arbitrarily and in abuse of its discretion and prays the Court to grant such relief as is proper.
The Board denied Kulos's request for a land use variance after a fair hearing held pursuant to § 8-7 of the General Statutes. Kulos properly appeals the decision of the Board under the guidance and purview of General Statutes § 8-8.
The decision of the Board was rendered on August 26, 1992. Kulos then properly served the assistant city clerk of the City of Norwich at City Hall on September 11, 1992, as well as Eleanor Marshall, the chairperson of the Board at her usual place of abode. Therefore, the court finds that the appeal is timely as required by General Statutes § 8-8(b).
Kulos is the owner of woodland property located at 25 Mish Drive in Norwich, Connecticut. (Return of Record, 1). The property is located in a R-25 residential zone. (Return of CT Page 4478 Record, 1). For a number of years, Kulos had been in the business of selling Christmas trees from the property. (Return of Record, 1).
In August of 1985, Kulos applied for and was granted a variance from the Board which permitted Kulos to sell Christmas trees at 25 Mish Drive on a wholesale basis. (Return of Record, 2).
 ZONING BOARD OF APPEALS CITY OF NORWICH
 NOTICE OF SPECIAL EXCEPTION — VARIANCE — SPECIAL PERMIT RECORDED PURSUANT TO PUBLIC ACT NO. 75-317, CONN. STATUTES
Record owner of property: Henry A. Agnes J. Kulos
Property recorded in Norwich Land Records: Vol. 576
Pg. 182, 184
Location of property: Mish Drive Extension Clearview Drive
DESCRIPTION: Develop tree farm, varying Section 8.2.1 of zoning regulations — permitted uses GRANTED, with the stipulation that trees are to be wholesaled only. Equipment to be limited to what is needed for tree farm use only.
Effective date of decision August 15, 1985
NOT TO BE FILED WITH TOWN CLERK Henri Lambert, Sec. BEFORE AUGUST 30, 1985 Zoning Board of Appeals
In July of 1992, some seven years after receiving the first variance, Kulos sought another variance that would permit the sale of Christmas trees on a retail basis.
On August 28, 1992, the Board denied Kulos's request. In doing so, the Board found that denying the variance "would not deprive the applicant of the use of the property." (Return of Record, exhibit D). The Board also raised additional grounds for the denial, including concerns of traffic and children's safety in an admittedly residential zone. Id. R-25 zone residential. CT Page 4479
Kulos challenges the decision of the Board and claims that it acted illegally, arbitrarily, and that its decision constitutes an abuse of discretion.
Under § 8-8(a)(1), an aggrieved person means "a person aggrieved by a decision of the Board . . . [and] includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the Board.
At the hearing before the court (Austin, J.) held on April 6, 1995, the court took testimony from Mr. Kulos. In sum, Kulos testified that he owned the land that is subject to this appeal, and that he was the individual who applied for the variance. Because there is no dispute as to these facts, the court finds that Kulos is an aggrieved person under the above referenced statute. Accordingly, the court has jurisdiction over this appeal.
The standard of review for zoning cases is well established and was succinctly stated in Cohen v. Zoning Boardof West Hartford, Superior Court, judicial district of Hartford at Hartford, Docket No. 510424 (May 3, 1993). The court noted:
 In zoning appeals, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676, 559 A.2d 1174 (1989).
 [T]he board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. . . .[A] reviewing court reviews the record of the administrative proceedings to determine whether . . . the board `has acted fairly or with proper motives or upon valid reasons.'
 (Citations omitted). Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1989).
 `When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the CT Page 4480 record and are pertinent to the decision.' Fernandez v. Zoning Board of Appeals, 24 Conn. App. 49, 53, 585 A.2d 703 (1991), quoting Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076
(1988). [I]f the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. Protect Hamden/North Haven From Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 545
n. 15, 600 A.2d 757 (1991). The question [on review of a zoning decision] is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the decision reached. . . . The action of the commission should be sustained even if one of the stated reasons is sufficient to support it. (Citations omitted). Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). "Conclusions reached by the . . .[ZBA] must be upheld by the trial court if they are reasonably supported by the record. Id. "`Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing.' Molic v. Zoning Board of Appeals, 18 Conn; App. 159, 164, 566 A.2d 1049 (1989). Fernandez v. Zoning Board of Appeals, supra, 53, quoting Horn v. Zoning Board of Appeals, supra, 676-77. Upon review, the trial court is limited to determining whether the record supports the ZBA's findings. Fernandez v. Zoning Board of Appeals, supra, 54.
"A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations." Kelly v. Zoning Board ofAppeals, 21 Conn. App. 594, 507, 575 A.2d 249. (1990). "General Statutes § 8-6 authorizes a zoning board to grant a variance where two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict CT Page 4481 letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board of Appeal,174 Conn. 323, 387 A.2d 542 (1978).
Furthermore, "[t]he hardship must be different in kind from that generally affecting properties in the same zoning district. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances."Kelly v. Zoning Board of Appeals, supra, 21 Conn. App. 598.
A review of the record on appeal clearly supports the decision of the zoning board to deny the request for a variance. Kulos has made no showing of unusual hardship. Beyond question, Kulos sought the variance in order to increase his sales of trees from the parcel in question. The fact remains, however, that Kulos already has a variance to sell trees at wholesale, and as a matter of law, a claim of financial loss or loss of potential income is not a sufficient legal reason for the granting of a variance. Krejpcio v.Zoning Board of Appeals, 152 Conn. 657, 662, 211 A.2d 687
(1965).
Moreover, the court notes that Kulos already reaps a substantial property tax savings by virtue of the fact that the property is designated woodland under the appropriate state statutes. See letter of Peter Davis, Zoning Officer, dated December 4, 1991, in the record where the assessment was reduced to $2,900 from $94,080.
In support of his appeal, Kulos relies heavily on a December 4, 1991 letter from the zoning officer that states that "the sale of the trees is legal under the current zoning regulations." (Return of Record, exhibit A.) The Davis letter is incorrect because the Board had previously granted Kulos a variance to sell trees at wholesale, and Kulos was conducting a retail business. The old variance clearly did not permit the sale of trees on such a basis. See above.
Each variance must be considered on its own merits, and the fact that other variances were granted previously, even if to nearby landowners, has no bearing on the analysis of the court at this juncture. "Each case must be decided on its own merits, and it follows that a variance may not be justified on the ground that other variances or other unauthorized use had CT Page 4482 previously been allowed or countenanced in the immediate area."Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191,599 A.2d 399 (1991). The denial by the Board was stated as follows:
 RESOLVED: #V-92-37, Appeal of Henry A. Agnes J. Kulos, 327 Broadway; for a Variance for property at 25 Mish Dr., located in a R-25 zone district. Vary Sec. 8.2.2, Permitted uses in the R-25 zone, to permit retail sales of Christmas trees. DENIED.
 The Board finds and determines from testimony adduced at the public hearing that the denying of this appeal will not deprive the applicant of the use of the property, traffic is an issue and the safety of the children in the neighborhood. This does not mean the applicant will lose the right to wholesale the trees.
 Effective date of this decision is August 28, 1992.
 Peter W. Davis, Secretary
Zoning Board of Appeals
The Board reasonably found that the sale of retail christmas trees, even for 30 days out of the year, would undoubtedly cause the problems of increased traffic and street parking in a residential zone. In fact, Mr. Kulos himself stated at the Board's hearing that "wholesale is not getting the people in there." (Return of Record, 2).
The application to sell at retail was vigorously opposed by neighbors who appeared in person: Sidel, Snarski, Dolquist, Rignold and Patrol. A petition in opposition from 42 immediate neighbors was received by the Board. Mish Drive was also described as a treacherous street. See the record. Thus, because of the potential problems of on street parking and the lack of a showing by Kulos of unusual hardship to the property in question, the Board was well within its bounds when it denied the request for a variance. This court finds no abuse of the Board's discretion, nor is there any evidence that it acted arbitrarily. The record clearly supports the action of the CT Page 4483
Therefore, the appeal of Kulos is denied and the decision of the Board shall stand.
Austin, J.