[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the plaintiff's appeal pursuant to Gen. Stat. § 8-8
to Superior Court from denial of his second variance application by the Middlebury Board of Zoning Appeals. The plaintiff claimed a right to build on one of two nonconforming lots he owned and upon which he had earlier sought a variance. The Board of Appeals denied the earlier application on the basis that the two lots had merged. After appeal to Superior Court from denial of the first variance, Judge Sullivan ruled the two lots had not merged by operation of law and ordered the defendant Board of Appeals to again hear the application after remand.
The defendant now moves to dismiss this case for lack of jurisdiction because of the prior pending action doctrine. It claims that Judge Sullivan's decision in the prior Superior Court appeal in which he ruled there was no merger of the two lots was not a final decision and therefore the original appeal is still pending. This court does not agree.
In Appeal I there were two issues: (1) whether the CT Page 13089 application for variance standing on its own warranted granting and (2) whether merger had occurred. Judge Sullivan rendered his decision that the board's stated denial on the basis of merger by operation of law was in error. "When a zoning authority has stated the reasons for its action, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision." Horn v. ZoningBoard of Appeals, 18 Conn. App. 674, 676, 559 A.2d 1174 (1989). In the original decision of the board, the only articulated reason for denying the plaintiff's application was that the property merged by operation of the Middlebury Zoning Regulations. Accordingly, the sole issue before the court in the original appeal was whether the board's conclusion that the two lots had merged was supported by the record and was a legal basis on which to deny the plaintiff's application. When the court sustained the original appeal and remanded the case, it forever concluded the rights of the parties as to the issue of the merger of the two lots by operation of law. A judgment of remand need not conclude all rights of the parties in the subject matter of the suit in order to be deemed "final". Instead, a judgment is final when it concludes the rights of the parties as defined by one specific issue raised in the appeal on which issue the administrative board had denied the application.
Dicta in the case of an analogous matter is instructiveWatson v. Howard, 138 Conn. 464. In that case the court reasoned:
 The rights of the parties, in so far as they were capable of being affected by any subsequent proceedings connected with the matter then in court, were forever concluded. Nothing further remained to be decided by the court. The appeal was terminated. The issues which it presented were all resolved. If a new hearing should be held and if the board should again reach a conclusion adverse to the plaintiff, he would be required to institute a new appeal to the Court of Common Pleas. It follows from what we have said that the judgment was a final one from which an appeal to this court lies.
There is no prior pending action. Judge Sullivan's prior decision concluded the only dispositive issue raised in the first appeal and his judgment was therefore final. As to the only reason given for denial of the variance, the fact that CT Page 13090 there was a remand on the issues of merger by inference or whether despite merger the applicant was nonetheless entitled to a variance does not alter the finality of the prior decision on merger by operation of law.
The motion to dismiss is denied.
The motion to dismiss is denied.
FLYNN, J.