[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The applicant Doris F. Simoneau, Trustee, is the owner of 7.9 CT Page 2123 acres of land in the Town of Guilford. The property is located in an R-8 zone. In this zone, each lot must contain 160,000 square feet and must have a shape to permit a square on the lot of 300 feet on each side.
However, pursuant to § 31.2.2 of the Guilford Zoning Regulations there is exception which reads as follows: "As of July 5, 1985, each tract of land in an R-8 district may subdivide or convey off not more than two lots meeting the R-7 district requirements . . ." An R-7 lot under the Guilford Regulations must have 80,000 square feet and contain a square which is 200 feet on each side. In order to use the R-7 exception to the R-8 requirements, the regulation contains certain other standards all of which are met in the instant case.
The applicant requested a variance of § 31.21.2 and table number 5 subsection 2 to allow her to create a three lot subdivision. Two of the lots would comply with all of the R-7 standards and the third would comply with all of the R-8 standards except that the maximum square contained in the lot would be 230 feet on each side rather than the required 300 square feet.
On August 23, 1995 the Guilford Zoning Board of Appeals granted the variance and gave as its reason for the hardship the following:
 "Hardship or reason for decision: evidence was demonstrated that this property was owned by the applicant's family prior to current regulations. The property was surveyed at that time and was thought to be almost thirteen acres and taxes were paid on that amount of land. A current survey shows the property to be only 7.9 acres. There is enough acreage for three lots and all other ordinances will be met. The shape of the lot causes a hardship here."
The plaintiffs herein took a timely appeal from the granting of the variance.
AGGRIEVEMENT
Evidence was presented at the hearing on this matter that the CT Page 2124 plaintiffs Carl and Margaret Kuester are the owners of abutting property and accordingly are statutorily aggrieved.
DISCUSSION
The power of the board to grant a variance is set forth in Connecticut General Statutes § 8-6(a)(3). In Pollard v.Zoning Board of Appeals, 186 Conn. 32, 39 (1982) the Supreme Court held that a zoning board of appeals may grant a variance when two basic conditions are met. Those conditions are:
 "1) The variance must be shown not to affect substantially the comprehensive zoning plan; and 2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to carrying out the general purpose of the zoning plan."
With respect to the first requirement, the particular Guilford Regulation specifically permits the creation of a substantial number of R-7 lots in the R-8 zone. Those R-7 lots have a minimum square requirement of 200 feet. The varied lot in the instant case would have a minimum square of 230 feet. Based upon these facts, it is not clearly erroneous for the board to have determined that the variance would not affect substantially the comprehensive zoning plan in this area.
The more difficult question, as in most variance cases, is whether the board acted illegally in its factual finding that the shape of the lot in question resulted in the unusual hardship necessary for the grant of the variance.
At the outset the court would remark that the board of appeals reference to the length of time which the family owned the property or erroneous earlier survey are irrelevant to the hardship. In the case of the erroneous survey at best it would create questions of self-created hardship. The legitimate question before the court is whether the hardship in the present case is created by the regulations themselves when combined with the unusual shape of the lot. The lot in question narrows to only 100 feet, more or less, at its northeasterly corner. The shape of the lot when combined with the minimum square requirements of the Guilford Regulation produces a situation where, but for a variance, a parcel of land containing 343,000 square feet would support one lot of 160,000 square feet and a second lot of 80,000 CT Page 2125 square feet for a total usable acreage, excluding excess acreage, of 240,000 square feet.
This court recognizes that in performing its function a zoning board of appeals is given a liberal discretion in its action and the court cannot reverse the agency decision "so long as honest judgment has been reasonably and fairly exercised after a full hearing," Whittaker v. Zoning Board of Appeals ofTrumbull, 179 Conn. 650, 654 (1980) or so long as its decision is "reasonably supported in the record" Horn v. Zoning Board ofAppeals of Norwalk, 18 Conn. App. 674, 676 (1989). Finally it is not the function of the court to retry the case, nor is it the court's function to substitute its judgment for that of the Commission Burnham v. Planning and Zoning Commission, 189 Conn. 261
(1983).
There can be no dispute that in the instant case the subject property is unusually shaped and, if no variance is granted, a substantial amount of property will be unusable for any purpose other than as excess acreage. It is relatively common for zoning boards of appeals to grant variances, and courts to affirm those boards, when the variance is necessary to allow any reasonable use of property. Thus in the typical one acre 40,000 square foot zone, if the applicant has a lot which is 38,000 square feet, the hardship is not self-created and the lot is not a protected nonconforming lot, one would expect that a variance of 2,000 square feet would be granted and if granted affirmed by the court. The somewhat unusual feature of the case facing this court is that the property is capable of being used for two lots without a variance and the variance is required only to create a third lot. The applicant relies upon Whittaker, et al v. ZoningBoard of Appeals of Trumbull, 179 Conn. 650 (1980) to justify a zoning board of appeals grant of a variance to allow the use of property for more than a single lot. In Whittaker a combination of present and past subdivision applications required that a street be extended through property shown in the appendix to theWhittaker decision at p. 662 as belonging to "Gismondi." It appeared, although the court does not dwell on this fact, that the extension of the road creates two noncontiguous lots and as a result the court allows a variance for each of the lots. The court in Whittaker relies to a great extent upon its prior holding in Smith v. Zoning Board of Appeals, 174 Conn. 323 (1978) for its conclusion that the bisecting road in Whittaker is the equivalent of the taking which rendered a lot undersized inSmith. In Smith the variance was requested in anticipation of the CT Page 2126 state's taking of .03 of an acre of the plaintiff's land in connection with the relocation of U.S. Route 7. The partial taking of a narrow strip running along the frontage of Parry Avenue reduced the one acre lot to .97 of an acre. The court held that since this hardship was created by the taking, and not by the voluntary action of the owner, a variance was appropriate.
In Whittaker the court appears to have held that the bisection of the "Gismondi" property by the extension of Quale Trail was government action much like the taking in; Smith.
Neither Smith nor Whittaker clearly stands for the proposition that a variance is appropriate to create three lots where two are possible in the same manner that a variance is appropriate to create one lot where none is possible.
Nevertheless, giving due deference to the fact that R-7 lots are allowed as of right in this R-8 zone, recognizing that the applicant's problem in the instant case is related to the minimum square and not total footage, and finally recognizing that it is not the place of the court to second guess the zoning board of appeal, the court holds that on the facts would distinguish between the instant case and the more common situation of a simple absence of total square footage by pointing out that the instant hardship is specifically related to the peculiar shape of the applicant's lot. The court does not mean to imply in its decision that if the applicant had 310,000 square feet so that the applicant was able to have one lot of 160,000 square feet, one lot of 80,000 square feet, and an additional unused acreage of 70,000 square feet, the court would approve a variance under those circumstances. While such circumstances are not before this court, under those facts the applicant's hardship might well be no different than any other absence of acreage and not be different in kind from that generally affecting properties in the same zoning district.
Under the specific facts before it, the court is willing to respect the discretion of the zoning board of appeals and the unique shape of the lot so as to find that the zoning board of appeals did not abuse its discretion. For the foregoing reasons the variance is sustained and the appeal is dismissed.
The court by,
KEVIN E. BOOTH, JUDGE CT Page 2127