[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ADMINISTRATIVE APPEAL
 I STATEMENT OF THE CASE
The plaintiff, Laurel Beach Association (the association), appeals from the decision of the defendant, Milford zoning board of appeals (board). The board denied the association's application for a finding of zoning agent error in the determination that lot #26, owned by codefendant, Elizabeth Stevens (E. Stevens), was a legally nonconforming lot pursuant to the town's zoning regulations. The association appeals pursuant to General Statutes § 8-8.
 II BACKGROUND AND PROCEDURAL HISTORY
In 1988, William Stevens (W. Stevens), previous owner of lot #26, Seaview Avenue, Milford, applied to the board for a zoning permit and special exception pursuant to the Milford zoning regulations § 6.4.2.[1] (Return of Record [ROR], Item s.) W. Stevens sought recognition that lot #26 was a legally nonconforming lot. (ROR, Item s.) The board denied W. Stevens' application for a special exception, finding that lot #26, owned by W. Stevens, had merged with adjacent lot #27, owned by both W. Stevens and E. Stevens. (ROR, Items t; bb, p. 116; dd, pp. 27-28.) The denial of W. Stevens' application was appealed to the Superior Court where the action of the board was upheld and the appeal dismissed.[2] (ROR, Item j.) In 1994, following her divorce from W. Stevens, E. Stevens acquire sole title to both CT Page 4651 lots. (ROR, Items dd, p. 116; g and r.)
Effective February 1, 1989, § 6.4.2 of the Milford zoning regulations was amended.[3] (ROR, Item u.) In accordance with these new regulations, on December 16, 1998, Peter W. Crabtree, the Milford zoning enforcement officer,[4] determined that lot #26, now owned by E. Stevens, was a legally nonconforming lot pursuant to section 6.4.2. (Complaint, ¶ 3; Board's Answer, ¶ 3; Stevens' Answer, ¶ 3.)
On December 24, 1998, the association appealed to the board for a finding of zoning agent error. (ROR, Item a.) The matter was discussed at a January 12, 1999, public hearing. (ROR, Item c.) Following the hearing, the board voted to table the matter until its next regularly scheduled meeting. (ROR, Item bb.) On February 9, 1999, by a vote of three to two, the board upheld Crabtree's decision. (ROR, Item cc.) Notice of the decision was published in the New Haven Register on February 12, 1999.[5] (ROR, Item aa; Complaint, ¶ 5; Board's Answer, ¶ 5; Stevens' Answer, ¶ 5.)
This appeal was commenced on February 18, 1999, by service of process. (Sheriff's Return.) A writ, summons and citation were served in the hands of Alan H. Jepson, Milford city clerk, and personal service was also made upon Errol Van Hise, chairperson of the board. Id. In addition, abode service was made at the homes of E. Stevens, codefendant, and Beverly Hayes, clerk of the board. Id.
 III JURISDICTION
Appeals to the Superior Court from administrative agency decisions exist only under statutory authority. See Simko v.Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Id. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id.
 A Aggrievement
CT Page 4652
Those who own land that abuts or is within a radius of one hundred feet of the land involved in any decision of a planning and zoning commission or zoning board of appeals are statutorily aggrieved. See General Statutes § 8-8 (a)(1); McNally v. Zoning Commission, 225 Conn. 1, 6, 621 A.2d 279 (1993); Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). The association has alleged that it owns the property adjacent to lot #26 and that it is aggrieved by the decision of the board. (Complaint, 6 6.) The association has properly pleaded statutory aggrievement. Based upon certain stipulations, the court found the association to be aggrieved at the administrative appeal hearing. Therefore, that aggrievement has been properly pleaded and proven.
 B Timeliness of the Appeal and Service of Process
An appeal from a decision of a zoning board "shall be commenced by service of process. . . within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8 (b). The chairperson of the board and the clerk of the municipality shall be included in such service. See General Statutes § 8-8 (e).
On February 9, 1999, the board voted to uphold Crabtree's decision and denied the plaintiffs request for a finding of zoning agent error. (ROR, Item cc.) Notice of the decision was published in the New Haven Register on February 12, 1999.[6]
(ROR, Item aa; Complaint, ¶ 5; Board's Answer, ¶ 5; Stevens' Answer, ¶ 5.) On February 18, 1999, pursuant to General Statutes § 8-8, the writ, summons and citation for this appeal were served in the hands of Alan H. Jepson, Milford city clerk, and personal service was also made upon Errol Van Hise, chairperson of the board. (Sheriff's Return.) In addition, abode service was made at the homes of Elizabeth Steven, codefendant, and Beverly Hayes, clerk of the board. Id. Therefore, the appeal was timely filed and served upon the appropriate parties.
 IV JUDICIAL REVIEW
An appeal from an action of a zoning enforcement officer is taken to the zoning board of appeals, which hears and decides the matter de novo. Caserta v. Zoning Board of Appeals, 226 Conn. 80, CT Page 4653 88-89, 626 A.2d 744 (1993). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v.Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Spero v. Zoning Board of Appeals, supra, 217 Conn. 440.
"A local board or commission is in the most advantageous position to interpret its own regulations and apply them . . . [and] as long as honest judgment has been reasonably and fairly exercised at the local level, the trial court must not substitute its judgment for that of the zoning board." New London v. ZoningBoard of Appeals, 29 Conn. App. 402, 405, 615 A.2d 1054, cert. denied, 224 Conn. 922, 618 A.2d 528 (1992). A zoning regulation "is a local legislative enactment, and, in its interpretation, [the court is] to discern the intent of the legislative body as manifested in the words of the regulation." Spero v. Zoning Boardof Appeals, supra, 217 Conn. 441. "The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." Frito-Lay, Inc. v. Planning ZoningCommission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. See Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089, cert. denied, 510 U.S. 1164, 114 S.Ct. 1190,127 L.Ed.2d 540 (1994); Frito-Lay, Inc. v. Planning Zoning Commission, supra, 206 Conn. 573
 V
DISCUSSION
The association alleges that the board acted illegally, arbitrarily, capriciously and in abuse of the discretion vested in it by upholding the decision of the zoning enforcement officer. The association appeals on the grounds that (1) the board, having previously found that the lot in question had merged with an adjacent lot, may not reverse itself without evidence of a material change in circumstances; (2) the board's decision was not supported by law, facts or substantial evidence; CT Page 4654 and (3) under the doctrine of res judicata, Stevens was barred from applying for a zoning permit for lot #26 because the court[7] had already held that lot #26 had merged with lot #27.
 A Whether the Board Reversed Itself without Evidence Of a Material Change in Circumstances
The association appeals on the ground that the board may not reverse its prior decision without a finding that there was a change in circumstances. The association argues that E. Stevens' application was an attempt "to reverse the prior ruling of the Zoning Board of Appeals . . . and the Superior Court . . . on the same issues, involving the same property in 1988. (Plaintiffs Brief p. 12.) Specifically, the association argues that "[I]n searching the record to determine the Defendant Board's reaction to [its] prior actions, the present Board did not make any finding that there was a factual change in the property owner's circumstances or in the use of the property, [and] [w]ithout such a finding, the law of the State of Connecticut provides that a Zoning Board shall not reconsider a prior Board action. Id. The association further argues that "[t]he only reason given by the Board for its approval of the Zoning Enforcement Officer's decision was its finding that merger was not possible when the title [to lots #26 and #27] was not identical." Id.
The board argues that the application submitted by E. Stevens "is not substantially the same and does not [seek] the same relief as the 1988 application by William Stevens for a special exception from the Zoning Board of Appeals under the regulations in effect at that time." (Defendants' Brief p. 28.[8] The board further argues that "it is unnecessary for this Court to even determine whether the Application and the 1988 application were substantially the same . . . . Rather, the determination as to whether the Application is substantially the same as the prior application is for the Defendant BOARD, not the court, to determine in the first instance." Id.
This Court finds that the defendant board is correct. The trial court may not substitute its judgment for that of the board and improperly focus upon whether a material change in circumstances existed; rather, the court must focus upon whether the record before it supports the board's decision. See Fernandes v. ZoningBoard of Appeals, 24 Conn. App. 49, 54, 585 A.2d 703, cert. granted, 218 Conn. 909, 591 A.2d 811 (1991), rev'd on court order CT Page 4655 for failure to defend with due diligence; see also Valenti v.Zoning Board of Appeals, 244 Conn. 917, 714 A.2d 8 (1998);Bradley v. Inland Wetlands Agency, 28 Conn. App. 48, 50-51,609 A.2d 1043 (1992). "It is for the [board], not the court, to determine whether the [codefendant's] petition was a new application or substantially the same as the earlier application." Id., citing Hotchkiss Grove Assn., Inc. v. WaterResources Commission, 161 Conn. 50, 58, 282 A.2d 890 (1971) andMalmstrom v. Zoning Board of Appeals, 152 Conn. 385, 391,207 A.2d 375 (1965). Further, the court may not exceed its scope of judicial review by weighing the evidence for itself and determining the issues of fact involved in the board's decision. See Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 677,559 A.2d 1174 (1989).
In Bradley, the plaintiff reapplied for a permit after his original permit expired for failure to initiate action within one year of issuance. Bradley v. Inland Wetlands Agency, supra,28 Conn. App. 48. The board denied the plaintiffs reapplication, and the court upheld the board's denial on the basis of evidence in the record, which consisted of new information that the board had acquired since the granting of the first application. Id., 51. The plaintiff argued that his application was substantially the same, but the court held that "[i]t is unnecessary for this court the determine whether the 1988 and 1989 applications sought the same relief The determination as to whether the application under review is substantially the same as the prior application and that circumstances and conditions have not changed so as to affect materially the merits of the application is for the defendant to determine in the first instance. . . . The plaintiff bears the burden of proof to show that there was no change of conditions or circumstance since their prior application." (Citations omitted.) Id. The court also held that "the defendant [board] acted properly in considering factors that came to light between the 1988 hearing and approval and the subsequent hearings and denials. . . ." Id., 51-52.
The record before the board in the present case reveals that the evidence presented by E. Stevens included photographs of both lots; (ROR, Items e and n); copies of checks and tax bills showing that both lots are taxed separately by the City of Milford and the plaintiff association; (ROR, Items k and I); subdivision maps and a plan showing the subject lot and other lots in the area; (ROR, Items v and w); a map of lots #26 and #27 prepared by a professional engineer (ROR, Item in); and a certificate of title with related documentation showing the CT Page 4656 property's chain of title, which also states that the property is a legally existing nonconforming lot. (ROR, Item r.)
The record further reveals that the 1988 application of W. Stevens, seeking recognition that lot #26 was a legally nonconforming lot, was made under the previous version of the Milford zoning regulations, § 6.4.2, which required him to secure a special exception from the board before such recognition could be granted. (See ROR, Item s; SROR, Item a.) However, the 1998 determination sought by E. Stevens, and made pursuant to the new version of § 6.4.2 of the Milford zoning regulations, did not require special exception approval. (See SROR, Item d, Milford Zoning Regs.) The new regulation also shifted the responsibility for determining whether a zoning permit should be issued from the board to the zoning enforcement officer, and expressly provided that the determination of merger must be made on a case by case basis. (See SROR, Item d, Milford Zoning Regs.) Further, Crabtree testified at the public hearing as to the importance of the changes made to § 6.4.2 and opined that "[p]rior to February 1, 1989, many of these appeals would come before the ZBA, and one lot would have a fence and they were denied as a lot and another might have [a] fence but it was given status as [a] building lot. A great deal of effort went into this 1989 revision . . . and I submit, that under the rules of the new section, not only were matters clarified, if anything, in my opinion, they were liberalized." (ROR, Item bb, p. 112.)
Upon examination, the court finds that the record before the board was sufficient to support its decision. The board acted within its discretion in upholding the decision of the zoning enforcement officer. Thus, the association has failed to sustain its burden of proof that the board acted illegally, arbitrarily or in abuse of its discretion on the ground that the board reversed itself without evidence of a material change in circumstances. The association has also failed to sustain its burden that the board's decision lacked substantial evidence.
 B Whether the Doctrines of Res Judicata or Collateral Estoppel Barred E. Stevens' Application
The association also appeals on the ground that the board acted contrary to the judgment of the court in Stevens v. MilfordZoning Board of Appeals, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 024977 (April 17, 1989, CT Page 4657O'Sullivan, J.T.R.) by "giving retrospective effect to an amendment to the Milford Zoning Regulations adopted after the Superior Court's final judgment. . . ." (Complaint, ¶ 7 c-d.) The association argues that "[t]he Superior Court . . . reviewed the zoning record of the 1988 proceeding and entertained evidence on whether Lots #26 and #27 had merged." (Association's Brief, pp. 15-16.) The association continues, "[t]he court found that Lots 26 27 had merged in 1988. The former husband and predecessor in title to the present owner . . . was a party to that action where that factual and legal conclusion was reached. The doctrine of res judicata does not allow a party to relitigate an issue when a full and fair hearing has taken place." (Association's Brief p. 17.)
The board responds that "Section 6.4.2 of the Regulations did not come into effect until February 24, 1989; Return of Record, Item U; i.e., well after the February 24, 1988 hearing on William Stevens' application for special exception." (Defendants' Brief p. 35.) Further, the board argues, "[a]dditionally, the court in Stevens did not find that the Premises had merged with Lot 27 and, indeed, such a finding would have been improper as courts do not weigh the evidence nor determine the issues of fact involved as to do so would impermissibly substitute its judgment for that of the defendant BOARD." (Defendants' Brief, pp. 35-36.)
"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." (Brackets in original; internal quotation marks omitted.)Dowling. Sr. v. Finley Associates, Inc., 248 Conn. 364, 373,727 A.2d 1245 (1999). "Both doctrines protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation . . . and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citations omitted; internal quotation marks omitted.) Id.
"Res judiciata, or claim preclusion, is [however] distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . . In contrast, collateral estoppel CT Page 4658 precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." (Brackets in original; citations omitted; internal quotation marks omitted." Id., 373-74.
"An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues have the characteristics of dicta." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 374.
"To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." Id.
Here, the association has has characterized both the decision and the role of the court in the Stevens decision. In Stevens v.Milford Zoning Board of Appeals, supra, Superior Court, Docket No. 024977, W. Stevens appealed from the action of the defendant board denying his application for a special exception. The court dismissed his appeal holding that the board did not act illegally, arbitrarily or in abuse of its discretion in that the board's "decision was reasonably supported by the record because the plaintiff was not entitled to a zoning permit subject to aspecial exception." (Emphasis added.) Id.
In this case, neither the doctrine of collateral estoppel nor res judicata is applicable. The issue of merger was not "necessarily decided" by the court in the previous appeal. The issue in Stevens was whether the board acted reasonably in denying W. Stevens application for a special exception. SeeStevens v. Milford Zoning Board of Appeals, supra, Superior Court, Docket No. 024977. Although board members did voice the opinion that there had been a merger by use of the lot and despite the association's assertion, it would have been improper for the court to decide whether the lots had, in fact, actually merged. The role of the trial court is to review "the record CT Page 4659 before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board ofAppeals, supra, 217 Conn. 440. Holding that the board acted reasonably, the court dismissed W. Stevens appeal. See Stevens v.Milford Zoning Board of Appeals, supra, Superior Court, Docket No. 024977.
With respect to the association's claim that res judicata also bars this appeal, it is essential to note that "the existence of a claim is a necessary precondition to the question of whether the [doctrine] bar[s] subsequent litigation." Reid v. ZoningBoard of Appeals, 235 Conn. 850, 856 n. 4, 670 A.2d 1271 (1996). "Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." Id.
In Reid v. Zoning Board of Appeals, supra, 235 Conn. 850, the defendant board had granted a variance with a "life use only" condition. Subsequent to the granting of the variance, General Statutes § 8-6 was amended by Public Acts § 93-385, which mandated that all variances be based upon property conditions rather than upon personal conditions. See id., 856-57. In reference to the plaintiff's res judicata claim, the court held that "[b]ecause P.A. 93-385 did not exist at the time the variance was granted, no claim could have been made under it." Id., 856 n. 4. Also, because amended § 6.4.2 did not exist at the time of the earlier denial, "no claim could have been made under it." Id.
For the above recited reasons, the doctrines of collateral estoppel and res judicata are not applicable to the present appeal.
 VI CONCLUSION
In conclusion, the association has failed to sustain its burden that the board acted illegally, arbitrarily or in abuse of the discretion vested in it. Accordingly, this appeal is dismissed.
GROGINS, JUDGE.