[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal taken from the decision of the Board of Tax Review of the Town of Southbury. The facts of this case as alleged in the pleadings are set forth hereafter. The plaintiff, Integrated Systems Solutions Corporation, filed a petition for correction of valuation with the defendant, the Board of Tax CT Page 6503 Review for the Town of Southbury, for the purpose of appealing the defendant's assessment of October 1, 1993, for tax purposes, of certain personal property owned by the plaintiff. The defendant denied the plaintiff's appeal, and the plaintiff instituted the present appeal to the Superior Court on April 28, 1994.
On June 16, 1994, the defendant moved to dismiss the plaintiff's appeal on the ground that the appeal was not timely brought. This court denied the defendant's motion to dismiss on January 3, 1995. The defendant thereafter filed an answer on January 18, 1995, which contained a first special defense alleging that the court lacks subject matter jurisdiction in that the appeal by the plaintiff was not timely brought. The plaintiff moved to strike the special defense on February 2, 1995, on the ground that this defense was previously ruled upon by the court under the defendant's motion to dismiss. The plaintiff's motion to strike was granted by the court, Flynn, J., on April 7, 1995.
On or about March 23, 1995, subsequent to the filing by the plaintiff of its motion to strike the defendant's special defense, the defendant instituted an audit of the plaintiff for tax purposes, pursuant to General Statutes § 12-53(b)[1], regarding the personal property declarations made by the plaintiff in 1993 and 1994. The plaintiff filed a motion to quash the audit on April 4, 1995 on the grounds that the audit exceeds the statutory rights granted by § 12-53(b), and, that in view of the present tax appeal, the defendant lacks jurisdiction to audit the underlying assessment and to command the plaintiff to appear before it regarding this matter. The plaintiff seeks an order of the court quashing the notice of hearing pursuant to the audit and enjoining the defendant from seeking an audit during the pendency of the present appeal. Memoranda of law have been timely filed by the parties.
The plaintiff seeks to quash and enjoin the defendant from auditing the plaintiff's personal property declarations of 1993 and 1994. The plaintiff argues that as the valuation of this property has already been completed by the defendant, and that the defendant's valuation is presently the basis of a pending appeal from the Board of Tax Review of the Town of Southbury, the defendant has no authority to institute an audit in order to valuate the property. The plaintiff further argues that the present audit is in fact a pretext on the part of the defendant, in order to obtain one-sided discovery for purposes of the CT Page 6504 present appeal, in a manner not consistent with Practice Book rules.
The defendant argues that it is within its statutory authority under § 12-53(b) to institute the audit. The defendant further argues that the personal property declaration of the plaintiff of 1994 is not a basis of the present appeal, and, therefore, even if the court finds it has exceeded its authority by attempting to audit the valuation of property presently the basis of an appeal from the Board of Tax Review, the audit pertaining to the 1994 declaration is not a part of that excess.
The plaintiff responds that there is persuasive authority for the court to decide the issue of whether the defendant's action exceeds the scope of its authority, by way of a Superior Court decision on point, i.e., Hubbell Incorporated v. Board of TaxReview, 10 Conn. L.Rptr. 324 (November 19, 1993) (Fuller, J.). The plaintiff further argues that it has moved to amend its appeal, as of right pursuant to General Statutes § 12-117a,[2] to include the defendant's assessment of the plaintiff's personal property declaration of 1994, and, therefore, that assessment is also applicable to the reasoning in Hubbell.
The defendant responds that the Hubbell opinion is incorrectly decided, and that the court should consider the arguments raised by the parties without reliance on that case.
This court finds that the decision in Hubbell is sound, and on point with this case, and accordingly, the plaintiff's motion to quash should be granted. Additionally, the court orders that the defendant be permanently enjoined from further attempting to audit the plaintiff over matters rightly before the court on appeal.
In Hubbell, the court was faced with essentially identical facts as found in the present case. The court stated,
 [s]ince the assessor already determined the valuation of the personal property on the lists of 1990, 1991 and 1992, § 12-53(b) no longer applies. It covers the situations where the taxpayer failed to list property for taxation or the assessor is unable to determine the value of property which has been disclosed. The purpose of the hearing is to determine the value of CT Page 6505 property so the assessor can add it to the list. Once this occurs, the statute no longer applies, unless there is additional omitted property not covered by the previous assessment, which does not appear to be the situation here.
Hubbell Incorporated v. Board of Tax Review, supra, 10 Conn. L.Rptr 325. In the present case, the Town of Southbury has "already determined the value of the personal property" of the plaintiff on the lists of 1993 and 1994. Therefore, it follows that even if an appeal of the town's valuation was not currently pending, § 12-53(b) would not apply "unless there is additional omitted property not covered by the previous assessment, which does not appear to be the situation here." Id.
The defendant argues that the court in Hubbell misread §12-53(b) to only apply to situations where the town has reason to believe that a taxpayer has omitted taxable property. The defendant asserts that § 12-53(b) applies to declared as well as omitted property, and relies on § 12-53(c)[3] as evidence that this is so. The court in Hubbell's reading of §12-53(b) is consistent with the plain language of the statute, and therefore, that reading should be followed. Warkentin v.Burns, 223 Conn. 14, 22, 610 A.2d 1287 (1992).
The court in Hubbell stated that § 12-53(b) does not apply where "the Assessor already determined the valuation of property. . . . unless there is additional omitted property not covered by the previous assessment." Hubbell Incorporated v.Board of Tax Review, supra, 10 Conn. L.Rptr. 325. This reading is consistent with § 12-53(c) which anticipates the situation where a town assessor adds property to the taxpayer's submitted list of taxable property, or where the assessor makes out a list where the taxpayer has not provided one, or where the assessor increases or decreases the taxpayer's submitted valuation of its taxable property, under the provisions of subsection (b). The defendant in the present case has presented no facts from which the court could find that the plaintiff has omitted any taxable property from the lists it provided to the defendant for 1993 and 1994. Nor are there any facts from which the court could find that the defendant is unable to establish the value of the plaintiff's taxable property without the assistance of the plaintiff through an audit, especially where, as here, the defendant has already established a value for that very property, which is presently the basis of this appeal. CT Page 6506
As discussed above, the plaintiff has moved to amend its appeal as of right pursuant to General Statutes § 12-117a to include the defendant's assessment for 1994. The court in Hubbell
also stated,
 Moreover, after the plaintiff appealed, first to the Board of Tax Review and then to the Superior Court to review the Assessor's valuation, the Assessor no longer has jurisdiction to hold a hearing on the assessments under appeal. The proper valuation of the property is determined in a trial de novo in the Superior Court. Orange Street Armory Associates, Inc., v. City of New Haven, 17 Conn. App. 166, 171
[, 551 A.2d 759].
Hubbell Incorporated v. Board of Tax Review, supra, 10 Conn. L.Rptr 325. The same reasoning applies in the present case, and, therefore, this court finds that the defendant's assessor "no longer has jurisdiction to hold a hearing on the assessments under appeal." Id.
The defendant further argues that there is no basis for the court to grant injunctive relief in this case. The court inHubbell further stated, however, that,
 [t]he defendants rely upon the concept that courts should not grant injunctions which will interfere with the operations of municipal government except in extraordinary situations. . . . However, this concept does not apply where a municipality acts outside the scope of its municipal powers, in which case it is not performing an authorized, discretionary function. In short, the defendants are acting outside of their statutory powers of taxation and are not entitled to compel the plaintiff to attend the hearing.
(Citations omitted.) Id.
Accordingly, this court finds that the defendant in this case does not have the authority under § 12-53(b) to order the plaintiff to submit to an audit for the tax years involved in the pending appeal, i.e., 1993 and 1994, and therefore the plaintiff's motion to quash and enjoin the defendant from pursuing this action is granted as to the personal property CT Page 6507 involved in this appeal.