[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns an application for a special exception use and/or site plan filed by the plaintiff GFUS, L.L.C., Josephine and Theodore Coppola with the defendant Planning and Zoning Commission of the City of Derby ("PZ"). The plaintiffs sought a special exception permit in order to construct 34 (later reduced to 30) residential condominium units on a parcel of land located off New Haven Avenue, Derby, Connecticut.
After several hearings, the PZ on October 20, 1999 denied the application and it is from that denial the plaintiff.s appeal claiming that the PZ's action was arbitrary, capricious and illegal.
The plaintiffs, by agreement of counsel, are found to be aggrieved and consequently, have standing to prosecute the appeal.
The decision by the commission included 3 reasons for its denial:
 (1) "[t]he application does not have prior approval of the Inland Wetlands Commission and due consideration must be given to the report of the Inland Wetlands Commission, particularly in light of the significant drainage and water flow issues present at this site and the presence of a detention pond which has emergency overflow onto New Haven Avenue."
(2) "[t]he application does not meet the minimum standards set forth in the regulations, including but not limited to the following regulations. The standards for driveways and circulation driveways are not satisfied and an increase in driveway width results in a decrease in parking spaces thereby results in further non-compliance. It may also adversely affect CT Page 851 required building and yard setbacks. This failure adversely impacts access for emergency services and creates a safety hazard at the premises. Additionally, a further safety problem is created by improper traffic circulation on the premises. Also, the minimum yard setback requirements are not met as the plan proposes to place structures, e.g., dumpsters, within the setback area."
 (3) "[t]he application does not establish that the proposed plan is harmonious with the comprehensive plan and fails to protect the public health, safety and welfare. The scope of the project and number of units proposed for the narrow and sloped lot is far too dense and contains an excessive number of units for the characteristics and location of this particular site. In addition to the safety concerns noted earlier, it will create traffic problems on Route 34, particularly in regard to the proposed use of the 21 foot wide opening in the median divider for ingress and egress to the premises. Additionally, there is concern about the amount of blasting and earth removal at the premises; the size, location and design of the stormwater detention pond; the location and design of the numerous retaining walls on the property; the lack of satisfactory driveways and unsafe traffic patterns on the premises; and inadequate and unsuitable provision for emergency services. These are just examples of the numerous issues and problems contained in the record demonstrating that the proposed application is contrary to the public interest and detrimental to the area."
Counsel for the defendant in oral argument indicated to the court that it was not offering any defense to the first claim of the plaintiff as to the Inland Wetland issue and consequently would not rely on this aspect of the decision in supporting the denial by the PZ.
As to the other reasons set out by the PZ in its denial the plaintiffs claim that the commission was required to approve the present application as an application containing a substantially similar site plan was previously approved by the commission in 1991. The plaintiff cites the case of Grillo v. Zoning Board of Appeals of The City of West Haven,206 Conn. 362 for the proposition that once a zoning board approves an application for a variance it is not at liberty to later deny a subsequent CT Page 852 application short of finding a change in conditions or the intervention of new considerations. That court observed that "ordinarily, an administrative agency cannot reverse a prior decision unless there has been a change in conditions or other considerations have intervened which materially affect the merits of the matter decided." The plaintiff claims that the instant application is substantially similar to the one approved in 1991 and that the "PZ" is obligated therefore to approve this one following the "Grillo" case.
This case however differs from "Grillo" in that the permit issued to the plaintiffs' predecessors in title herein expired under the terms of Sec. 8-3 (i) C.G.S. when the anticipated development was not completed within 5 years of the permit issuance. See also City of Derby Zoning Ordinance 1969 (as amended) Sec. 25-12 (e). In this case, according to counsel the economic downturn of the late 1980's and early 1990's caused the abandonment of the development. It was also noted by counsel for the PZ that no action by the plaintiffs had been taken to create any vested interests that could be affected by the present boards denial of this application for a special exception. As observed by counsel for the defendant, the obvious reason for such a provision is to, among other things, enable a zoning authority to consider any changes in surrounding circumstances that might have an effect upon its current consideration of an application for a special exception use. See Bradley v. InlandWetlands Agency, 28 Conn. App. 48. Accordingly, the present commission is not as a matter of law, bound to accept the conclusions of the earlier commission but was free to consider the instant application on its own merits. Hotchkiss Grave Assn., Inc. v. Water Resources Commission,161 Conn. 50, 58.
In its decision the PZ found that the application and the site plan (Ret. Record U, Y, Z) submitted therewith did not meet the minimum standards prescribed for driveways and circulation driveways as well as provisions required for parking spaces. Section 25-13 (f)d provides for a minimum 32 foot width in projects for 20 or more families where parking spaces are provided thereon or 24 feet without parking spaces. The plan submitted provided circulation driveways and parking spaces which were not in conformity with. these provisions. Accordingly, the commission concluded that this aspect of the proposed plan together with other considerations as of record appear required the denial of the plaintiffs application. That the commission must deny an application which contains a violation of the ordinances see Forest Construction Co. v. Planning andZoning Commission, 155 Conn. 669, 675. A proposed use must satisfy standards set forth in the Zoning Regulations themselves for a special permit to be granted by the Zoning Authority. A.P. Window HoldingCorporation v. planning and Zoning Board, 167 Conn. 182, 185. CT Page 853
In this case, the PZ concluded that the applicant's proposed use did not meet the standards set forth in the ordinance.
The function of this court in reviewing the action of an administrative agency is not to substitute its judgment for that of the agency but only to determine if the record supports the conclusions reached by the agency and that the determination of the agency is in accordance with the controlling law.
In this case, the court for the reasons stated herein concludes that the defendant properly exercised its authority and the appeal is dismissed.
 George W. Ripley II Judge Trial Referee